KINKEAD *v*. BUCKEYE UNION INS. CO. ET AL.

(No. 238255—Decided March 13, 1970.)

Common Pleas Court of Franklin County.

*Mr. Charles Roger Andrews*, for plaintiff.
*Mr. Harry Wright, III*, for defendants.

MARSHALL, J. Heard on demurrer of defendant, Buckeye Union Insurance Company, filed December 22, 1969, to the first cause of action.

In her first cause of action plaintiff alleges she was driving a car insured by this demurring defendant when she was hit head-on by an uninsured motorist, and suffered extensive personal injuries and medical expenses. Plaintiff's coverage was by a policy, marked Exhibit A. The demurring defendant paid plaintiff $1,000.00 under the medical payment provision of the policy, Part II Expenses for Medical Services, and $9,000.00 under the uninsured motorists coverage provision of the policy, Part IV Protection Against Uninsured Motorists. The policy shows that the named insured, Noah H. Martin, paid a $3.00 premium for Coverage J, Uninsured Motorists, with limits of liability of $10,000.00 for each person. Plaintiff drove the insured's car.

Plaintiff claims she is entitled to $1,000 more under the uninsured motorist's provision, Part IV, since her damages greatly exceeded the $10,000 limits under that portion of the policy and that she should have been paid those

limits under Part IV, Coverage J, and still be permitted to recover for additional medical services under Coverage C, Part II, of the policy. In other words, that plaintiff is entitled to recover medical expenses of $1,000.00 under Coverage C, Part II, and also recover $10,000.00 under Coverage J, Part IV of the policy.

It is the demurring defendant's contention that it has paid $10,000.00 on account of the accident involving and caused by an uninsured motorist, divided $1,000.00 for hospital expenses, payable under Part II of the policy, and $9,000.00 under the uninsured motorists coverage provision, payable under Part IV of the policy, as per its terms. It is further its contention that having paid the limits under the policy it is not liable to plaintiff in this case, and that plaintiff has not stated a cause of action against it in this action because of the terms of the policy.

Both parties agree that while many policies, including the one in question, contain provisions for uninsured motorists coverage, they have found no Ohio case law resolving the issue raised in this case, namely, whether the insurance company, the demurring defendant, is obligated to pay for plaintiff's medical services under both Coverage C, Part II, and under Coverage J, Part IV, of its policy. Incidentally, there is no contention that $1,000 represents all the medical expenses which plaintiff suffered, nor that the $9,000 paid under the uninsured motorists coverage provision did not include any amount for medical expenses.

R. C. 3937.18 of the Motor Vehicle Insurance Law, requires all liability policies issued in Ohio to provide coverage for bodily injury or death for the protection of persons insured thereunder who are legally entitled to recover damages from operators of uninsured motor vehicles, and in limits set forth in R. C. 4509.20. R. C. 4509.20 provides such limits of not less than $10,000.00.

On December 22, 1969, the court by entry, and pursuant to the stipulation of the parties, had placed in the file the specimen insurance policy, marked Plaintiff's "Exhibit A," being Policy No. BFA 416476 as described in the petition. A glance at this document shows that defendant, The Buck-

eye Union Insurance Company, intended to comply with the Motor Vehicle Insurance Law as set forth in R. C. Chapter 3937 by including therein Part IV, Protection Against Uninsured Motorists, and by showing such coverage labeled ''J'' on the face of the policy. For such coverage of $10,000.00, each person, or $20,000.00, each accident, a specific premium of $3.00 was charged. The same chart shows coverage C, Medical Payments, with limits of liability of $1,000.00 each person, for which a specific premium of $8.00 was charged.

We believe it was the intention of the Legislature in enacting R. C. 3937.18 to require future liability policies to provide coverage for bodily injury or death, in limits as set forth in R. C. 4509.20, for the protection of persons insured thereunder against damages caused by uninsured motorists. In placing this burden upon liability policy holders it was contemplated that an additional premium to cover the cost of such additional coverage would be paid by the policy holder, as was done in this case.

Part IV of the policy, reads in part as follows:

''Coverage J. Uninsured Motorists (Damages for Bodily Injury). To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called ''bodily injury,'' sustained by the insured, * * *.''

Other language in the policy would indicate that the defendant company attempted to restrict its liability for damages recoverable for bodily injury from the owner of an uninsured automobile under Part IV. For example, under the heading ''Limits of Liability'' (d) reads as follows:

''(d) The company shall not be obligated to pay under this coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under Part II.''

We hold that under R. C. 3937.18 the coverage for bodily injury under which plaintiff might recover a verdict

for damages from an uninsured motorist would be broad enough to include damages not only for pain and suffering but for related consequential items of damages of insured, such as for hospital and medical expenses necessitated by the accident. In writing the details of the coverage concerning Protection Against Uninsured Motorists, Part IV herein, the defendant insurance company may not reduce the $10,000.00 coverage as damages for bodily injury by excluding therefrom related damages of the insured such as his hospital and medical expenses caused by the accident.

The insured paid a specified premium for his coverage for medical services under Part II of the policy. He paid a specific additional premium for the $10,000.00 coverage for liability for uninsured motorists, and in this case it is conceded for the purposes of the demurrer that the bodily injury damages suffered by plaintiff exceeded $10,000.00. The uninsured motorist provision of the law is a new coverage, contemplated by R. C. 3937.18, for which a new and separate premium has been charged, to provide a statutory minimum of $10,000.00 for each person. It places the insured person in the position he would have been in had the other motorist carried the minimum coverage required by the Ohio Financial Responsibility Law.

We believe and so hold that the petition does state a cause of action against the demurring defendant for the additional $1,000.00 not heretofore paid.

*Demurrer overruled.*