WEEMHOFF ET AL. *v.* THE CINCINNATI INSURANCE CO.

[Cite as Weemhoff v. Cincinnati Ins. Co. (1973), 37 Ohio Misc. 14.]

(No. 72CV-08-2439—Decided September 26, 1973.)

Court of Common Pleas of Franklin County.

*Messrs. Volkema, Post & Pees* and *Mr. Russell H. Volkema,* for plaintiffs.
*Messrs. Hamilton, Kramer, Myers & Summers* and *Mr. Robert L. Summers,* for defendant.

TYACK, J. This matter came on to be heard upon the motion of the plaintiff, Elmer Weemhoff, for a summary judgment on the issues as set forth in the motion filed March 5, 1973.

After lengthy pretrial conference, it was agreed that the dispute was properly limited to arbitration as provided by the uninsured motorists coverage in the policy, a copy of which policy is incorporated by reference.

Basically, the court was requested to rule upon what matters would be determined by the arbiters, as it related to the matter of whether loss of services and loss of consortium are proper elements of damages which should be considered by the arbiters; and, secondly, whether the coverage afforded by the policy should be, for the purpose of permitting the recovery for such loss of services and loss of consortium, stacked, if the arbiters found such loss occurred.

Another matter to be determined was whether or not payments made by the carrier under the medical pay provisions of the policy should be considered as a collateral source and thereby permit the plaintiff to recover the amount of the medical payments under his action for loss of services, loss of consortium and such.

At this juncture, while the plaintiff, Elmer Weemhoff, has made a claim for his own bodily injuries, this claim is not a part of this action and the merits or lack of merits of his individual personal claim for injuries is not in issue. This will be arbitrated under the terms of the policy.

The facts which were agreed to include the existence of the policy; that two cars are covered in the policy; that there was $12,500 u. i. coverage on each car plus a medical pay provision as set forth in the policy. It is also agreed that in a prior companion case (244,773, Cincinnati Insurance Company v. The American Arbitration Association, Inc.), Judge Gillie had held that the coverage on the two cars could be "stacked," making in substance a total u. i. coverage of $25,000 for the purpose of plaintiff's wife's action which was the basis of the arbitration in that case. As an aftermath of that decision, the arbitration resulted

in an award of $14,000.00 to Irene Weemhoff, the wife of the plaintiff herein, plus $2,899.18 being paid under the medical pay provisions of the policy.

Hence, this court adopts the judgment rendered in Case Number 244,773 and permits the coverage to be stacked to the extent of compensable claims.

This court is aware of the case of *Hurles* v. *Republic Franklin Ins. Co.*, Case No. 4209, Court of Appeals of Montgomery County, Ohio, decided June 30, 1973. This case is *contra* the decision of Judge Gillie earlier referred to and, hence, will not be followed by this court. In the *Hurles* decision, the court distinguishes the facts in that case with the decision in *Curran* v. *State Automobile Ins. Co.* (1971), 25 Ohio St. 2d 33, on the basis that there was more than one policy involved. This court does not agree that the fact that two independent companies are involved should change the coverage rights where payment had been paid on two cars under one policy number or two entirely separate companies where premiums had been paid in both instances.

As to the right of the plaintiff husband to recover for loss of services and loss of consortium under the u. i. coverage, this court finds that this is a compensable claim under the u. i. coverage. The policy provides for loss of services although it does not specifically refer to loss of consortium. This matter has been determined in this state.

" 'Loss of consortium' is so closely related to 'loss of services' as to be included in that term when used to specify coverage in an insurance policy." *Napier* v. *Banks* (1967), 9 Ohio App. 2d 265.

Coming now to the matter as to the right to "stack" the medical pay coverage, this court adopts the position that the medical pay provision in the policy may be stacked, thereby giving a total of $5,000.00 medical pay of which there has heretofore been a payment, by stipulation, of $2,899.18 on behalf of Irene Weemhoff. (*Kinkead* v. *Buckeye Union Ins. Co.* (1970), 28 Ohio Misc. 207, 276 N. E. 2d 673.) It is the further opinion of this court that the provisions for medical pay are a separate contractual matter independent of the uninsured motorists provision of the

policy, but the principle of "stacking," heretofore adopted by another branch of this court, would still be effective for the purpose of pyramiding the total medical pay coverage.

We then come to the last question to be determined; namely, is the payment under the medical pay provision of the policy a "collateral source" for the purpose of allowing coverage of not only the $25,000 under the uninsured motorists provision of the policy, but a potential additional recovery (against that $25,000 coverage) of the amount already paid by the carrier *via* medical pay provision. In other words, may Mr. Weemhoff include in his claim under this uninsured coverage not only the loss of services and the loss of consortium but the amount of medical expenses incurred on behalf of his wife, even though such payment had been made by the carrier under the medical pay provisions of the policy?

This question, as far as this court has been able to determine, has not been resolved in this jurisdiction. Basically, many of the questions in this case have not been fully determined by the highest court of this state.

It is the opinion of this court that under the terms of the policy in issue, an independent payment was made for medical pay coverage. Had the coverage been with some other policy, there is no question but what the claimant would have had a right to his action under the theory of a collateral source. The question of course is, is the medical payment provision in this particular policy to be considered as a collateral source. It is the opinion of this branch of the court that inasmuch as this is a separate provision of the policy on which a separate premium is charged, it would be a collateral source.

The claimant should have the right under the uninsured motorists provision of his policy to include a recovery for medical expenses paid from this collateral source just as though he would have had it been paid through some other company.

If the basic theory back of uninsured motorists coverage is to place the injured person in the same position that he would be, if dealing with some company other than the

writer of the uninsured motorists coverage, he should be able to include the reasonable value of medical services furnished as part of his claim.

Accordingly, the court rules as follows:

A) The coverage on each automobile may be stacked for the purpose of this action, thereby making a total uninsured motorists coverage of $25,000 available to the injured party or the derivative suit such as this case.

B) The medical pay provisions may also be stacked for the purpose of this claim, thereby making a total medical pay provision of $5,000.

C) The plaintiff-husband has the right to recover for loss of services and loss of consortium under the uninsured motorists provisions of his policy.

D) That payments under the medical pay provision of the policy are a "collateral source" and the husband, in his derivative action, may include the reasonable value of medical services furnished as part of his claim under the uninsured motorists provision of the policy, notwithstanding the payment made under the medical pay provision of the policy.

It is further ORDERED that this case be referred for arbitration pursuant to the provisions of the policy with the above guidelines.