KONEVAL, APPELLEE, *v.* GRANGE MUTUAL CASUALTY CO., APPELLANT.

(No. 34461—Decided March 18, 1976.)

*Disbro & Ellerin Co., L. P. A.,* and *Mr. Raymond P. Macoska,* for appellee.

*Messrs. Hyland & Hyland* and *Mr. Joseph J. Naegele,* for appellant.

JACKSON, J. Grange Mutual Casualty Company provided appellee Anna Koneval with insurance which provided, *inter alia,* for coverage in the event of a collision with an uninsured motorist. Ms. Koneval was involved in such a collision and filed a claim under the policy, which was ultimately referred to arbitration. On October 31, 1973, a written arbitration award was made under which the appellant was to pay Ms. Koneval the sum of $12,000.

On December 26, 1973, Ms. Koneval commenced this

action in the Court of Common Pleas of Cuyahoga County by filing a complaint to confirm the award of arbitration. The Court of Common Pleas found for the appellee, stating that she was "entitled to the full amount of the award of Twelve Thousand Dollars ($12,000.00)."

An appeal was had from that final order, with Grange Mutual Casualty Company assigning the following error:

"The Trial Court erred in granting the Plaintiff-Appellee Koneval's Complaint to Confirm Award in Arbitration and in finding that the Defendant-Appellant must pay the Plaintiff-Appellee Twelve Thousand Dollars ($12,-000.00) in that the judgment is contrary to law and an abuse of discretion because the limitation on liability contained in the uninsured motorist coverage should be applied so as to give effect to the payment made to Anna D. Koneval under its Medical Payments Coverage in the amount of One Thousand Dollars ($1,000.00)."

Under R. C. 3937.18, appellant is required to offer its insureds uninsured motorist coverage under any automobile or vehicle liability policy that it issues. The limits for bodily injury or death under these provisions are regulated by R. C. 4509.20 which requires minimum coverage of $12,500 for bodily injury to or death of one person in any accident and a total minimum limit of $25,000 coverage for all injuries and deaths in an accident.

By the contract of insurance appellant sought to limit its liability by inserting the following diminution clause:

"Part IV—Protection Against Uninsured Motorists
"Limits of Liability: * * *

"d. The company shall not be obligated to pay under this Coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under Part II."

The record discloses that prior to the arbitration award appellant had paid appellee $1,000 under the medical coverage. Both in the Court of Common Pleas and in this appeal, appellant argues that the $1,000 should

have been deducted from the $12,000 arbitration award so that only an additional $11,000 would be due to appellee. We do not agree.

In the only reported case, the Court of Common Pleas of Franklin County held that "the defendant insurance company may not reduce the $10,000 [now $12,500] coverage as damages for bodily injury by excluding therefrom related damages of the insured such as his hospital and medical expenses caused by the accident." *Kinkead* v. *Buckeye Union Ins. Co.* (1970), 28 Ohio Misc. 207. *See also* Annot. 24 A. L. R. 3d 1353 (1969), and supplement.

The public policy compelling this decision was succinctly articulated in *Bacchus* v. *Farmers Insur. Group Exchange* (Ariz. 1970), 475 P. 2d 264, 266-267:

"Permitting offsets of any type would allow insurers, by contract, to alter the provisions of the statute and to escape all or part of the liability, which the legislature intended they should provide.

"* * * The fact that the motorist sees fit to clothe himself with other insurance protection and pays a premium therefore—such as medical payments—cannot alter the mandatory safeguards that the legislature considers necessary for the well being of the citizens-drivers of our state. More particularly, a policy provision which the insured considers to be additional protection and for which he pays a premium with such extra protection in mind cannot be transposed by the insurer into a reduction of the mandatory minimum coverage."

This policy is the same as that adopted by our Supreme Court in other cases which refused to allow insurance companies to use other policy exclusions to dilute the protection sought to be offered by statute. *E. g., Bartlett* v. *Nationwide Mut. Ins. Co.* (1973), 33 Ohio St. 2d 50 (workmen's compensation); *Curran* v. *State* (1971), 25 Ohio St. 2d 33 ("other insurance"). *See also, Mountel* v. *Hdw. Dealers Insur. Co.* (1969), 26 Ohio App. 2d 105 ("excess insurance").

In other situations the issue sought to be raised by the

parties might present a difficult question.[1] But in the case at bar, where the actual injuries were in excess of the claims under both provisions of the policy, we would not hestitate to adopt the rule set forth in *Kinkead* v. *Union Ins. Co., supra,* if the parties had properly presented that issue before the court.

But this is not the case. The record before this court contains no evidence which would show that the arbitrator did not utilize the diminution clause and deduct the $1,000 that appellant paid under the medical coverage *prior* to making the $12,000 award. Nor was any evidence presented as to the exact amount of coverage under the uninsured provision.[2]

Thus, even if this court were to hold that the diminution clause is valid, the record before us contains no evidence which demonstrates that the clause was not applied, or that there was any other error in the proceedings which would justify a modification of the arbitration award of $12,000.

Accordingly, appellant's assignment of error is overruled and the judgment below affirmed.

*Judgment affirmed.*

CORRIGAN, and PARRINO, JJ., concur.

---

[1]*Cf. Weemhoff* v. *The Cincinnati Insur. Co.* (1973), 37 Ohio Misc. 14, with the related case of *Weemhoff* v. *The Cincinnati Insur. Co.* (1975), 41 Ohio St. 2d 231, on the issue of double payment for the same loss, under the uninsured motorists provision *and* under medical provisions.

[2]Pursuant to R. C. 4509.20, the minimum coverage was set at $12,500. The record, however, does not disclose sufficient evidence to demonstrate that the provisions of the insurance policy in dispute provided only minimum coverage. Its actual limits are not demonstrated by the record.