Curran, Appellee, *v.* State Automobile Mutual Ins. Co., Appellant.
Mountel et al., Appellees, *v.* Hardware Dealers Mutual Fire Ins. Co., Appellant.

34

(Nos. 70-23 and 70-63—Decided February 3, 1971.)

*Messrs. Beirne, Wirthlin & Manley* and *Mr. Robert E. Manley*, for appellee in case No. 70-23.

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. Ralph F. Mitchell*, for appellant in case No. 70-23.

*Messrs. Keating, Muething & Klekamp* and *Mr. Michael J. Burke*, for appellees in case No. 70-63.

*Messrs. McIntosh & McIntosh*, for appellant in case No. 70-63.

CORRIGAN, J.  As pertinent to determination of the issue presented in these appeals, R. C. 3937.18 provides:

"No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 4509.20 of the Revised Code, under provisions approved by the Superintendent of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury * * *."

The issue to be resolved is whether an insurer, providing uninsured motorist coverage to its insured in compliance with the mandate of R. C. 3937.18, may avoid liability under that coverage for the reason that, under the circumstances giving rise to the claim, the insured has other similar insurance available to him from which he can be indemnified.

In these appeals, the insurers disclaim liability by virtue of the "other insurance" provisions of their policies.  Those provisions state that, in the event injury is

sustained while the insured is occupying an automobile not owned by him, the coverage under their uninsured motorist clauses "shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."

The dispositive question is whether those "other insurance" clauses are to be given effect.

An examination of cases from other jurisdictions discloses that there is a lack of uniformity in the decisions in which a similar issue has been considered. Some courts have given effect to "other insurance" escape clauses. See, e. g., *Maryland Casualty Co.* v. *Howe* (1965), 106 N. H. 422, 213 A. 2d 420; *Russell* v. *Paulson* (1966), 18 Utah 2d 157, 417 P. 2d 658. Other courts have declined and permitted recovery despite the "other insurance" clauses. *Harleysville Mutual Casualty Co.* v. *Blumling* (1968), 429 Pa. 389, 241 A. 2d 112; *Sellers* v. *United States Fidelity & Guaranty Co.* (Fla. 1966), 185 S. 2d 689; *Bryant* v. *State Farm Mutual Automobile Ins. Co.* (1965), 205 Va. 897, 140 S. E. 2d 817; *Moore* v. *Hartford Fire Ins. Co.* (1967), 270 N. C. 532, 155 S. E. 2d 128; *Smith* v. *Pacific Automobile Ins. Co.* (1965), 240 Ore. 167, 400 P. 2d 512.

It has been observed that, in circumstances such as are presented here, where both insurers' policies contain "other insurance" clauses such clauses are repugnant to each other in that "to give literal effect to each of the multiple 'other insurance' clauses in a given case could result in no coverage at all." *Smith* v. *Pacific Automobile Ins. Co., supra* (240 Ore. 167, 171).

In refusing to give effect to "other insurance" clauses some courts have held that they conflict with the statutory purpose of uninsured motorist statutes. *Sellers* v. *United States Guaranty & Trust Co., supra* (185 S. 2d 689); *Bryant* v. *State Farm Mutual Automobile Ins. Co., supra* (205 Va. 897).

In *Harleysville Mutual Casualty Co.* v. *Blumling, supra* (429 Pa. 389), at page 396, the court, in refusing to give effect to an "other insurance" clause, recognized both of the above-mentioned theories. After noting that the insurer had received its premium for the uninsured motorist coverage, the court stated: "We will not permit it to avoid its statutorily imposed liability by its unilateral insertion into the policy of a liability limiting clause repugnant to the statute."

The purpose of uninsured motorist protection was described by this court in *Abate* v. *Pioneer Mutual Cas. Co.* (1970), 22 Ohio St. 2d 161, 165, as follows:

"Uninsured motorist coverage * * * is designed to protect persons injured in automobile accidents from losses which, because of the tort-feasor's lack of liability coverage, would otherwise go uncompensated."

R. C. 3937.18 itself indicates that uninsured motorist coverage is "for the protection of *persons insured* thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *." (Emphasis added.)

Given this express statutory purpose, we are of the opinion that the uninsured motorist statute should be construed liberally in order to effectuate the legislative purpose that coverage be provided to persons injured through the acts of uninsured motorists. To permit an insurer, who provides uninsured motorist coverage, to avoid liability by an "other insurance" clause in cases where other insurance is available to his insured would thwart that legislative intent. We therefore join those jurisdictions which have declined to give effect to "other insurance" clauses in such cases.

Thus, where an insurer provides uninsured motorist protection, as required by R. C. 3937.18, it may not avoid indemnification of its insured under that coverage by including in the insurance contract an "other insurance" clause, which, if applied, would relieve the insurer from liability in circumstances where the insured has other

similar insurance available to him from which he could be indemnified.

In holding that the "other insurance" clause of a passenger's insurance is ineffective to prevent recovery under the passenger's own uninsured motorist clause, for which coverage he has paid the premium, we note that the passenger's insurance is available only to him personally and not to any of the other passengers. The insurance providing coverage to the owner, being primary in such instance, and available to all the occupants of the car, should be pro-rated among all the injured occupants according to their loss to the extent of its limits. Then, if the passenger having his own uninsured motorist protection, after sharing in that pro-rata distribution, has not been indemnified to the full extent of his injury, he is entitled to recover under his own insurance coverage.

We add, as did the court in the *Harleysville case, supra* (429 Pa. 389, 395), that "we do not wish to imply that injured parties may be permitted to pyramid separate coverages so as to recover more than the actual loss."

In each case, the judgment of the Court of Appeals is affirmed.

*Judgments affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, STERN and LEACH, JJ., concur.