Weemhoff et al., Appellants, *v.* The Cincinnati
Insurance Co., Appellee.

(No. 74-416—Decided March 26, 1975.)

*Messrs. Volkema, Pces & Snevel* and *Mr. Russell H. Volkema,* for appellants.

*Messrs. Hamilton, Kramer, Myers & Summers* and *Mr. Robert L. Summers,* for appellee.

HERBERT, J. Although the Court of Appeals allowed the "stacking" or adding together of medical payment pro-

visions, appellee has not contested that determination; hence, that issue is not before us. This appeal is limited to appellants' contention that the limits of liability on each automobile within the uninsured motorist coverage may be "stacked."

R. C. 3937.18, requiring the mandatory offering of uninsured motorist coverage, was enacted by the General Assembly in 1965 to protect persons injured in automobile accidents from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated. *Abate* v. *Pioneer Mutual Cas. Co.* (1970), 22 Ohio St. 2d 161, 258 N. E. 2d 429. In pertinent part, R. C. 3937.18 provides:

"No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state * * * unless coverage is provided therein, or supplemental thereto, in limits for bodily injury or death set forth in Section 4509.20 of the Revised Code[1] * * * for the protection of persons insured thereunder who are legally entitled to recover demages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease * * *."

The dictates of that section, and public policy, are satisfied when the minimum limits mandated by R. C. 4509.20 are provided, and we find no provision within R. C. 3937.18 requiring coverages in one insurance policy to be compounded if more than one vehicle is afforded uninsured motorist protection.

The payment of separate premiums in the instant case on each automobile included in the "Family Protection Coverage" does not make appellants' position any more tenable. As shown by the "declarations of coverage," Mr.

---

[1]The statutory limits within R. C. 4509.20 require coverage of not less than $12,500 for bodily injury or death of one person in any one accident, and not less than $25,000 for bodily injury or death of two or more persons in any one accident. Appellee's policy satisfied the minimum limits.

Weemhoff paid $3.00 for coverage on the Cadillac and $2.00 for coverage of the Pontiac. If, for example, the Weemhoffs had refused to purchase uninsured motorist protection for the Pontiac, and had been involved in an accident with a negligent uninsured driver while in the Pontiac, appellee would not be obligated to compensate them for their damages under the "Family Protection Coverage."[2] It is clear that the separate premiums on each vehicle constitute consideration for the additional uninsured motorist coverage received by the insured.[3] By the same token, the risk assumed by the insurer increases when it provides the added protection associated with multiple vehicles.

In arriving at a proper determination in the instant case, the language of the policy controls the rights and

---

[2] Under "Part IV—Family Protection Coverage," the policy states: "* * *

"Exclusions. This policy does not apply under Part IV:

"(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile * * *."

An "insured automobile" is defined, in part, as:

"(a) an automobile described in the policy for which a specific premium charge indicates that coverage is afforded,

"(b) a private passenger, farm or utility automobile, ownership of which is acquired by the named insured during the policy period, provided

"(1) it replaces an insured automobile as defined in (a) above, or "(2) * * *

"(c) a temporary substitute automobile for an insured automobile as defined in (a) or (b) above, and

"(d) a non-owned automobile while being operated by the named insured; and the term 'insured automobile' includes a trailer while being used with an automobile described in (a), (b), (c), or (d) above, but shall not include:

"(1) any automobile or trailer owned by a resident of the same household as the named insured * * *."

Cf. *Ohio Farmers Ins. Co.* v. *Wright* (1969), 17 Ohio St. 2d 73, 246 N. E. 2d 552, in which a policy lacking such specific language of limitation would allow recovery irrespective of the insured's failure to pay a premium on the second car.

[3] We do not, however, consider the individual premiums as creating two separate policies which would allow appellants to stack coverages. See *Curran* v. *State Automobile Mutl. Ins. Co.* (1971), 25 Ohio St. 2d 33, 266 N. E. 2d 566.

obligations of the parties. Within the "Family Protection Coverage," the policy limits the insurer's liability by stating:

"(a) The limit of liability for family protection coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident."

As can be seen, the declarations of coverage heretofore set out in the statement of facts, and the above quoted policy language, inform the insured that the company has limited its coverage to $12,500 "per person" in cases involving "Family Protection."* Thus, where the terms of an insurance policy afford uninsured motorist coverage for two automobiles, and limit the insurer's liability to a certain sum "per person" on each automobile, such limit on each vehicle cannot be added together to provide coverage in excess of that stated in the policy.

We do not have before us the question of the stacking of medical payments coverage under the terms of the instant contract of insurance, and we affirm only that part of the judgment of the Court of Appeals which pertains to uninsured motorist protection.

*Judgment affirmed in part.*

O'Neill, C. J., Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.

---

*Cases of similar import in which an insurer has unambiguously limited coverage, and thus effectively precluded "stacking" include: *Greer* v. *Associated Indemnity Corp.* (1967), 371 F. 2d 29; *Rosar* v. *General Ins. Co. of America* (1968), 41 Wis. 2d 95, 163 N. W. 2d 129; *Pacific Indemnity Co.* v. *Thompson* (1960), 56 Wash. 2d 715, 355 P. 2d 12; *Nationwide Mut. Ins. Co.* v. *Bair* (1972), 257 S. C. 551, 186 S. E. 2d 410; *Allstate Ins. Co.* v. *Zellars* (Texas 1970), 462 S. W. 2d 550.