**Charles RAY et al., Plaintiffs-Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
**Defendant-Appellee.**

No. 76–1468.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 9, 1977.

Decided March 4, 1977.

---

Wilbur C. Jacobs, Toledo, Ohio, for plaintiffs-appellants.

Thomas J. Manahan, Finn, Manahan & Pietrykowski, Toledo, Ohio, for defendant-appellee.

Before PHILLIPS, Chief Judge, and WEICK and PECK, Circuit Judges.

PER CURIAM.

When this case was before this Court on an earlier appeal, we observed "We are

asked to decide, in this diversity case, whether Ohio law permits the 'stacking' of uninsured motorist coverages from separate motor vehicle liability insurance policies issued to a single insured on different automobiles." *Ray v. State Farm Mutual Automobile Insurance Company,* 498 F.2d 220, 221 (6th Cir. 1974). After an examination of the law of Ohio, we resolved that issue in the negative.

In this second appeal, the same question is before us, but it is appellants' contention that a change in the Ohio law since the filing of our earlier opinion now requires a contrary result. Appellants particularly contend that an Ohio court of appeals opinion on which we in part relied, *Weemhoff v. Cincinnati Insurance Company,* 37 Ohio Misc. 14, 306 N.E.2d 194, was admitted for review by the Ohio Supreme Court, and that dicta in that court's opinion indicated that stacking would be permitted in such a case as the present one. *Weemhoff v. Cincinnati Insurance Company,* 41 Ohio St.2d 231, 325 N.E.2d 239 (1975). Appellants argue that in *Weemhoff* the two vehicles owned by a single owner were covered in a single insurance policy, while in the present case the three vehicles owned by the single owner were covered in three separate policies (written, however, by the same carrier), and that a footnote appearing in *Weemhoff* indicates that had that condition prevailed there, stacking would have been permitted. 41 Ohio St.2d 234, 325 N.E.2d 239, citing *Curran v. State Automobile Mutual Insurance Company,* 25 Ohio St.2d 33, 266 N.E.2d 566 (1971). We do not read the footnote that way and observe that since our first opinion was filed some nine months earlier than *Weemhoff,* and presumably called to the attention of that court by counsel for the appellants, who filed a brief amicus curiae therein, the Ohio Supreme Court had an opportunity to comment on our decision if it felt that we had done violence to the law of Ohio. We add, however, that we do not herein rely on that circumstance, since any comment on the factual situation before us would have constituted dicta in *Weemhoff,* as did the footnote. In any event, we regard the variance in the number of policies involved as being a distinction without a difference, and of no compelling importance.

In our earlier opinion we observed that the appellants in the present case had there "attempted to raise the issue of the district court's refusal to allow 'stacking' of the medical payment coverages, but this issue was not properly raised and is not before us here." That question now being properly before the Court, and no reason appearing for distinguishing between the two types of coverage, we now hold that the same rule of law is applicable to each.

Since we are not persuaded that there has been any change in the applicable law of the State of Ohio in the intervening period, the judgment of the district court is affirmed.