GRANGE MUTUAL CASUALTY COMPANY, APPELLEE, *v.*
VOLKMANN ET AL., APPELLANTS.*

[Cite as Grange Mut. Cas. Co. v. Volkmann (1977),
57 Ohio App. 2d 163.]

(No. 8261—Decided May 4, 1977.)

*Mr. Donald A. Powell,* for appellee.
*Mr. A. William Zavarello,* for appellant.

MAHONEY, J. This is an appeal from a judgment of
the Court of Common Pleas granting declaratory relief to

———

*Reporter's Note: The judgment in this case was affirmed by
the Supreme Court of Ohio, in 54 Ohio St. 2d 58.

the plaintiff, Grange Mutual Casualty Co., by upholding an anti-stacking exclusionary clause in plaintiff's uninsured motorist coverage with its insureds, defendants Carl Volkmann et al., and denying the stacking of medical payments coverage.

This case was submitted to the trial court upon stipulations of fact and exhibits. Volkmann owned three cars and all were insured by Grange on separate policies, each containing uninsured motorists coverage. Volkmann's daughters (defendants herein), Donna Miller and Marsha Brett, sustained severe bodily injuries while occupying one of their father's cars. These injuries allegedly were caused by an uninsured motorist. Each policy also provided for medical payment coverage.

As named insureds, the defendants filed a demand for arbitration under all three policies. Grange then commenced this declaratory judgment action. Grange admits coverage under the policy covering the car that the injured defendants were occupying. However, Grange contends that the "other owned car" exclusion in the policies prevents the defendants from inter-policy "stacking" of coverages, either for damages or for bodily injury medical payments.

Part IV of the policy, pertaining to uninsured motorist coverage, contains the following exclusion and does not apply:

"(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile; * * *."

Under the policy, an "insured automobile" is the automobile described in the policy for which a specific premium is charged and includes a temporary, substitute, replacement or non-owned automobile being operated by a named insured.

Part II, medical payments coverage, provides for coverage for the named insured and each relative while occupying the owned automobile or a non-owned vehicle with consent.

"Owned automobile" is defined "as one described in the policy and for which a specific premium is charged." A "non-owned" vehicle means "an automobile * * *. not owned by or furnished for the regular use of either the named insured or any relative, * * *."

The policy also contains standard "other insurance" clauses in Part II, medical payments coverage, and in Part IV applicable to uninsured motorist coverage.

Defendants urge as a single assignment of error:

"The trial court erred in failing to hold that where separate policies of insurance are held by an insured on separate vehicles, and separate premiums are paid therefor 'stacking' of uninsured motorist and medical payment coverage is permissible."

We discuss the issues separately.

*Stacking of "Uninsured Motorist Coverages"*

In *Ohio Farmers Ins. Co.* v. *Wright* (1969), 17 Ohio St. 2d 73, our Supreme Court held, in paragraph two of the syllabus:

"In the absence of specific language of limitation in an automobile insurance policy or in an uninsured motorist endorsement thereto, providing that the benefits of such endorsement shall not be received by a named insured if using another vehicle owned by him, coverage thereunder is not excluded merely because at the time of injury the named insured was using a second motor vehicle, owned by him, which was included as an insured automobile under other provisions of the automobile insurance policy but was not included under the endorsement, and for which no extra premium had been paid for uninsured motorist coverage."

The court further said that neither the endorsement nor the basic language in Wright's policy purported to limit the coverage to cases where the "named insured" is using or occupying an "insured automobile" at the time of the injury. In this situation, Wright was insured under one policy for liability on an Oldsmobile car and a Ford truck. A separate premium was charged for each but only the Oldsmobile had a premium for uninsured motorists coverage. While loading the Ford truck, Wright was injured

by an uninsured motorist. The court held he was covered since there was no specific language in the policy to the contrary.

Our Supreme Court permitted the stacking of two separate uninsured motorist coverages in *Curran* v. *State Automobile Mut. Ins. Co.* (1971), 25 Ohio St. 2d 33. The court held that standard "other insurance" clauses were repugnant to the legislative intent expressed in R. C. 3937.18 of protecting persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles.

On the other hand, in *Weemhoff* v. *Cincinnati Ins. Co.* (1975), 41 Ohio St. 2d 231, the Supreme Court prohibited the "intra-policy" stacking of two coverages where a single policy covered two automobles and charged a separate specific premium for each automobile. That policy also had an "other owned car" exclusion similar to the case at bar.

In summary, the Supreme Court held in *Wright, supra,* that in the absence of specific language in a policy, if two vehicles are covered for liability, only one need be covered for uninsured motorists as the one coverage will cover both vehicles. Then, in *Curran, supra*, the court struck down a standard "other insurance clause as being repugnant to R. C. 3937.18. The court there permitted the insured to stack the uninsured motorist coverage on a friend's car that the insured was occupying with the coverage the insured had purchased on his own automobile in order to cover the aggregate damages. In *Weemhoff, supra*, the court limited the amount of uninsured motorist coverage to the policy limits under the declarations regardless of the number of vehicles which were named in the policy and premiums paid for them.

A reading of the Supreme Court's decision in *Weemhoff, supra*, suggests that the "other owned car" exclusion in the uninsured motorist coverage would have precluded their recovery had they not paid the separate individual premiums for uninsured motorists coverage on the automobile in which they were riding. This, then, must be the

"type of specific language" which the court said would have prevented the coverage in *Wright, supra*. In *Weemhoff, supra*, the court went on to say that the separate premiums on each vehicle were consideration for the additional coverage received by the insured. However, the footnote to that sentence refers to *Curran, supra*, and says:

"We do not, however, consider the individual premiums as creating two separate policies which would allow appellants to stack coverages. * * *"

The syllabus in *Weemhoff, supra*, states:

"Where the terms of an insurance policy afford uninsured motorist coverage for two automobiles, and limit the insurer's liability to a certain sum 'per person' on each automobile, such limit on each vehicle cannot be added together to provide coverage in excess of that stated in the policy."

Combining that syllabus and the footnote, we would say that, when an insured purchases uninsured motorist coverage under one policy, the insured's recovery is limited to the declarations of limits stated in the coverage regardless of the number of vehicles insured under the policy. Thus, *Weemhoff, supra*, does not, *per se*, prohibit inter-policy stacking; it only prohibits intra-policy stacking.

Therefore, the issue before us is whether the "other owned car" exclusion is repugnant to the public policy stated in R. C. 3937.18.

In *Grange Mutual Casualty Co.* v. *Thomas,* unreported, Tenth Appellate District, No. 74 AP 335, decided December 31, 1974, the court held that an insured could stack two uninsured motorists coverages from separate policies where the insured paid separate premiums. That court based its decision on *Curran, supra*, and held that the "other owned car" exclusion is repugnant to R. C. 3937.18.

The Sixth Circuit Court of Appeals in the recent case of *Ray* v. *State Farm Mut. Auto Ins. Co.* (C. A. 6, 1974), 498 F. 2d 220, reviewed Ohio case law on "stacking" in a fact situation very similar to our case. That court held that "inter-policy" stacking is excluded by the "other owned car" exclusionary clause in the insurance contract. The

Sixth Circuit was fearful of stacking because it theorized that an insured who owned a fleet of cars could cause an insurer of one of those cars to bear increased risk created by multiple vehicle ownership without increasing premiums. The court said each vehicle created a separate risk. But the court would not venture an opinion on whether stacking would be permissible if the insured were occupying a third party's automobile or if he were a pedestrian, on horseback, or whatever. We are prompted to ask that if it is proper under *Curran, supra,* to stack a third person's coverage with the insured's own, why cannot the insured stack two he has purchased?

We also must disagree with that fleet theory of increased risk. The increased risk to the insurer would only come from the number of those who would be classified as insured. It cannot come from the number of vehicles owned by the insured. There are only 168 hours in a week and one insured can only be in one place at one time and can only operate or occupy one vehicle at a time. Unless the additional vehicles are being operated by other insureds, the insurer's risk has not been increased one iota on one insured.

The purpose of R. C. 3937.18 is to assure that persons who become insureds under an auto liability policy are protected against an uninsured motorist. That is the risk that the carrier insures against. How then can we have a uniform application of that statute if the carriers are permitted to contractually limit that risk to certain situations? Each carrier could then have its own set of definitions as to when the insured had "uninsured motorists" protection. Such limitations are contrary to public policy.

The "other owned car" exclusions in the policies here attempt to limit the extent of the coverage afforded the insured by not covering him when he is occupying "another owned vehicle." Such a provision is repugnant to the intent and spirit of R. C. 3937.18.

We hold that when an insured pays a single premium of uninsured motorist insurance he has purchased a policy of "limited personal accident insurance" as it is so aptly

described by Judge McMonagle in *Motorists Mut. Ins. Co.* v. *Bittler* (1968), 14 Ohio Misc. 23.

When an insured pays a separate premium under a separate policy, he has additional insurance to the limits of that policy. These policies may be stacked to compensate him to the extent of his damages.

### Stacking of Medical Payments Coverage

For the same reason that we sustain the first assignment of error, we overrule the second regarding the stacking of medical payment coverages. But for R. C. 3937.18, the parties could contract for exclusions provided above and limit the coverage afforded. It is the stated public policy in R. C. 3937.18 which prohibits such contracting. Here the "other insurance" provisions limit the insureds to a singular medical payments coverage. This is not repugnant to public policy. Consequently, it is permissible.

### Summary

We hold that the plaintiffs can stack all uninsured motorist coverages for which they have paid a separate premium in a separate policy of insurance. We further hold that they cannot "stack" the medical payments coverage. Therefore, we reverse the judgment of the trial court and enter a final judgment for the defendants and establish their respective rights under the policies as set forth above.

*Judgment reversed.*

Victor, P. J., and Cook, J., concur.

Cook, J., of the Eleventh Appellate District, sitting by designation in the Ninth Appellate District.