REPASY, APPELLEE, *v.*
NATIONWIDE INSURANCE COMPANY, APPELLANT.

[Cite as Repasy v. Nationwide Ins. Co. (1980),
67 Ohio App. 2d 118.]

(No. 40374—Decided February 7, 1980.)

*Disbro & Ellerin Co., L.P.A.,* and *Mr. Jerome M. Ellerin,* for appellee.

*Mr. Bernard L. Kahn,* for appellant.

DAY, J. On March 11, 1975, plaintiff-appellee, Louis Repasy (plaintiff), brought a declaratory judgment action in the Court of Common Pleas of Cuyahoga County. He sought a determination that he was entitled to recover damages for bodily injuries from defendant-appellant, Nationwide Insurance Company (defendant or "Nationwide"), under the uninsured motorist clause of his policy.

The case was submitted to the court upon the pleadings, "Stipulation of Facts" and briefs. The relevant stipulations may be summarized:

(1) Plaintiff was the owner of an automobile policy issued by Nationwide which was in full force and effect on the date in

question and which provided uninsured motorist coverage in the amount of $12,500 per person and $25,000 per accident.

(2) On October 22, 1971, plaintiff, while a passenger in an automobile owned and operated by Raymond G. Toth, was involved in a motor vehicle accident with Gary E. Smith, an uninsured motorist. The parties agreed that plaintiff sustained "substantial injuries" which exceeded the sum of $12,500.

(3) Plaintiff made claim for his injuries against Ohio Casualty Insurance Company, which insured Raymond G. Toth. That policy provided for uninsured motorist coverage in the amount of $12,500 for each person and $25,000 for each accident.

(4) Plaintiff, without the participation or consent of Nationwide, settled his claim against Ohio Casualty Insurance Company for $6,250 (or 50 per cent of the uninsured motorist coverage) "due to the existence of questions of negligence and liability of uninsured motorist, Gary E. Smith" and expressly reserved all rights he had against Nationwide to collect under the uninsured motorist provisions of his Nationwide policy.

On December 28, 1978, the trial court, in a memorandum opinion, found in favor of plaintiff and ordered that:

"[T]he Arbitrator determine the full amount of damages sustained by Louis Repasy, and then deduct therefrom the amount of the previous recovery, Six Thousand Two Hundred Fifty Dollars ($6,250.00). Said difference is the contractual obligation of Nationwide Insurance Company up to the policy limit."

Defendant filed an appeal. It raises two assignments of error.[1] Both raise substantially the same issue and are disposed together.

## I.

Defendant contends plaintiff is precluded from presenting a claim against it under the uninsured motorist provision of

---

[1] Assignment of Error No. I:

"The trial court erred in finding in favor of Plaintiff and ordering the case to arbitration for further litigation, and in not finding Nationwide's excess uninsured motorist coverage valid but not reachable because Plaintiff-Appellee had settled his claim."

Assignment of Error No. II:

"The trial court erred in finding the coverage written by Nationwide on the uninvolved car concurrent with the coverage written by Ohio Casualty on the involved car rather than excess but not reachable because of settlement."

the policy. Defendant asserts this is so because plaintiff settled his claim with Ohio Casualty Insurance Company, the primary insurer, for less than the full amount of uninsured motorist coverage. Defendant relies upon the "other insurance" provisions of its policy to sustain its position.[2]

The issue raised in the instant appeal was impliedly resolved by the Ohio Supreme Court in *Curran* v. *State Automobile Mutual Ins. Co.* (1971), 25 Ohio St. 2d 33—a case construing an identical clause. In *Curran,* the issue was whether an insurer could disclaim liability on an uninsured motorist claim by virtue of the "other insurance" provision of the policy. In concluding an insurer could not disclaim such liability, the court stated, at pages 38-39:

"R. C. 3937.18 itself indicates that uninsured motorist coverage is 'for the protection of *persons insured* thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles***.'

"Given this express statutory purpose, we are of the opinion that the uninsured motorist statute should be construed liberally in order to effectuate the legislative purpose that coverage be provided to persons injured through the acts of uninsured motorists. To permit an insurer, who provides uninsured motorist coverage, to avoid liability by an 'other insurance' clause in cases where other insurance is available to his insured would thwart that legislative intent. We therefore join those jurisdictions which have declined to give effect to 'other insurance' clauses in such cases.

"Thus, where an insurer provides uninsured motorist protection, as required by R. C. 3937.18, it may not avoid indemnification of its insured under that coverage by including in the insurance contract an 'other insurance' clause, which, if applied, would relieve the insurer from liability in cir-

---

[2] The Nationwide policy provides, in relevant part, as follows:

*"CONDITIONS*

"***

"7. *Other Insurance.* With respect to bodily injury to an Insured while occupying an automobile not owned by the principal Named Insured, *the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such Insured and applicable to such automobile as primary insurance,* and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance." (Emphasis added.)

cumstances where the insured has other similar insurance available to him from which he could be indemnified."[3]

The fact that Curran settled her claim with the primary insurer made no difference. While it is true that in *Curran* the insurance due under the primary insurer's uninsured motorist clause had been exhausted,[4] the Ohio Supreme Court's adjuration to "construe liberally" requires that *Curran* not be distinguished by superfine demarcations. Thus, where the insured "has not been indemnified to the full extent of his injury, he is entitled to recover under his own insurance coverage", *Curran, supra,* at 39, even when the primary insurance has not been exhausted.

## II.

The assignments of error are without merit.

The judgment of the Court of Common Pleas of Cuyahoga County is affirmed.

*Judgment affirmed.*

KRUPANSKY, P. J., and CORRIGAN, J., concur.

---

[3] See also, *Grange Mutual Casualty Co.* v. *Volkmann* (1978), 54 Ohio St. 2d 58, 62-63 (no difference between "other insurance" clause and the "other owned vehicle" exclusion with respect to "stacking" coverage).

[4] There were several claimants in *Curran* whose pro rata shares exhausted the coverage.