OPINION
Plaintiffs-appellants Ronald Armentrout, Elizabeth Armentrout, and Robert Armentrout appeal the May 2, 2000 Judgment Entry of the Richland County Court of Common Pleas, granting summary judgment in favor of defendant-appellee Anthem Casualty Insurance Company.
 STATEMENT OF THE FACTS AND CASE
On October 17, 1997, while operating his 1994 Toyota Camry in Portage County, Ohio, appellant Ronald Armentrout was injured in a two-vehicle accident caused by the negligence of Marvin Bolden. Mr. Bolden was covered by a policy of liability insurance issued by Westfield Insurance Company. Westfield subsequently paid appellants Bolden's policy limits. It is undisputed Bolden is an underinsured motorist. At the time of the collision, appellants were insured under a home owner's policy issued by appellee, which provided liability coverage in the amount of $500,000 per occurrence (hereinafter "the Policy"). Appellants filed a timely claim for uninsured/underinsured motorist coverage under the terms of the Policy. After appellee failed to respond to appellants' claims, appellants filed a Complaint in the Franklin County Court of Common Pleas, seeking declaratory judgment and asserting claims for breach of contract and bad faith. Appellee filed a timely answer and a motion for change of venue. Via Decision and Entry filed August 6, 1999, the trial court granted appellee's motion to change venue, and ordered the Franklin County Clerk of Courts to transfer the action to Richland County. The action was filed in Richland County on August 20, 1999. On March 1, 2000, appellee filed a Motion for Summary Judgment, in which it argued it was entitled to judgment as a matter of law because the Policy did not provide underinsured motorist benefits. Appellants filed a Cross Motion for Partial Summary Judgment and Reply to [Appellee's] Motion for Summary Judgment on March 16, 2000. In their motion for partial summary judgment, appellants asserted they were entitled to uninsured/underinsured motorist coverage under the Policy as a matter of law because the Policy qualified as a motor vehicle liability policy, pursuant to R.C. 3937.18, and appellee did not offer appellants underinsured coverage. Via Judgment Entry filed May 2, 2000, the trial court granted summary judgment in favor of appellee. The trial court found the Policy did not provide direct liability coverage for motor vehicles, and specifically excluded coverage for bodily injury arising out of the use of motor vehicles. The trial court held the Policy was not an automobile liability policy for purposes of R.C. 3937.18. It is from this judgment entry appellants appeal, raising as their sole assignment of error:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 STANDARD OF REVIEW
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ.R. 56(C) states, in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based upon this standard we review appellants' assignment of error. I Herein, appellants contend the trial court erred in finding the Policy does not qualify as a motor vehicle liability policy for purposes of R.C. 3937.18 and ruling appellants were not entitled to uninsured/underinsured coverage. For the reasons which follow, we find the Policy at issue is a motor vehicle liability policy for purposes of R.C. 3937.18 and appellants are entitled to UM/UIM benefits as a matter of law. It is well settled insurance companies must offer UM/UIM coverage with every automobile liability or motor vehicle liability policy delivered or issued in this state. R.C. 3937.18(A). Failure to do so results in the insured acquiring UM/UIM coverage by operation of law. Abate v. Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161,163. The purpose of the requirement is "to protect persons injured in automobile accidents from losses which, because of the tort-feasor's lack of liability coverage, would otherwise go uncompensated." Id. at 165. See, also, Martin v. Midwestern Group Ins. Co. (1994), 70 Ohio St.3d 478,480. "Given this express statutory purpose, * * * the uninsured motorist statute should be construed liberally in order to effectuate the legislative purpose that coverage be provided to persons injured through the acts of uninsured motorists." Curran v. State Auto. Mut. Ins. Co. (1971), 25 Ohio St.2d 33, 38. See, also, Martin, 70 Ohio St.3d at 480. Under Ohio law, rejection of UM/UIM coverage must be made expressly and knowingly. R.C. 3937.18(C); Abate, 22 Ohio St.2d 161, paragraph one of the syllabus; Ady v. W. Am. Ins. Co. (1982), 69 Ohio St.2d 593, 597. Further, insurance companies bear "the burden of showing that any rejection was knowingly made by the customer." Id. at 597. See also, Gyori v. Johnston Coca-Cola Bottling Group, Inc. (1996), 76 Ohio St.3d 565. The Policy at issue herein provides as follows: SECTION II — LIABILITY COVERAGES Coverage E — Personal Liability
If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will:
 1. Pay up to our limit of liability for the damages for which the insured is legally liable. Damages include prejudgment interest awarded against the insured; * * *
SECTION II — EXCLUSIONS
 1. Coverage E — Personal Liability * * * [does] not apply to bodily injury or property damages:
* * *
f. Arising out of:
 (1) The ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured;
 (2) The entrustment by an insured of a motor vehicle or any other motorized land conveyance to any person; or
 (3) Vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance excluded in paragraph 1) or 2) above.
This exclusion does not apply to:
 (1) A trailer not towed by or carried on a motorized land conveyance;
 (2) A motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and: (a) Not owned by an insured; or (b) Owned by an insured and on an insured location;
(3) A motorized golf cart when used to play golf on a golf course;
 (4) A vehicle or conveyance not subject to motor vehicle registration which is: (a) Used to service an insured's residence; (b) Designed for assisting the handicapped; or (c) In dead storage on an insured location;
The language of the Policy clearly excludes coverage for the operation and use of most motor vehicles, however, the exclusion excludes recreational motorized land conveyances owned by an insured and on an insured location. The definition of "motor vehicle" for purposes of Ohio's uninsured/underinsured motorist statute includes recreational motorized land conveyances. R.C. 4501.01(B). Because the Policy provides liability coverage for certain recreational motorized land conveyances, we find, as a matter of law, the Policy is a "motor vehicle" Policy for purposes of R.C. 3927.18. Accord, Myers v. Safeco Ins. Co. of America (Feb. 18, 2000), Licking App. No. 99CA00083, unreported; Willis v. Lighting Rod Mut. Ins. Co. (Sept. 27, 1999), Fairfield App. No. 99CA14, unreported. "Where motor vehicle liability coverage is provided, even in limited form, uninsured/underinsured coverage must be provided." Selander v. Erie Ins. Grp. (1999), 85 Ohio St.3d 541, 544. Accordingly, appellee was required to offer uninsured/underinsured motorist coverage to appellants. Appellee failed to do so; therefore, appellants are entitled to underinsured motorist coverage by operation of law. Appellants' sole assignment of error is sustained.
The judgment of the Richland County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
By: Hoffman, P.J. Edwards, J. and Milligan, V.J. concur