OPINION
This is an appeal from a judgment of the court of common pleas declaring that an insurer owes no duty to indemnify on a claim for underinsured motorist ("UM/UIM") coverage.
Hubert M. Shropshire, III, was injured in a collision with another vehicle while operating a motorcycle owned by his father. Shropshire was then employed by MH Service Center, a business owned by his father, Hubert M. Shropshire, Jr., and a partner, Sam Haupt. Shropshire was on personal business when he was injured.
West American Insurance Company ("West American") had issued a commercial liability insurance policy to "Sam Haupt and Hubert M. Shropshire, Jr., dba MH Service Center." The policy covered "garage operations." The policy defined garage operations to include "the ownership, maintenance or use" of covered autos. The policy also covered liability of employees of MH Service Center in certain limited circumstances. The policy disclaimed any automobile coverage. It contained no UM/UIM coverage.
Shropshire collected policy limits from the tortfeasor's insurer. He also demanded underinsured motorist benefits from Progressive Insurance Company ("Progressive") under a liability policy in which he was a named insured. Shropshire next claimed underinsured motorist benefits from West American under the policy it issued to MH Service Center. Progressive agreed to provide coverage, but only secondary to West American's duty of coverage. West American declined coverage.
Shropshire commenced this action to determine West American's coverage. The trial court held that, even assuming that the West American policy provides UM/UIM coverage, Shropshire is not an insured under the policy entitled to coverage.
Shropshire filed a timely notice of appeal. So did Progressive, which had asked the trial court to declare that its duty of coverage is secondary to West American's. The two cases have been consolidated for determination.
 I. Shropshire's Appeal. FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THAT THE WEST AMERICAN POLICY IS NOT AN AUTOMOBILE LIABILITY OR MOTOR VEHICLE LIABILITY POLICY UNDER O.R.C. § 3937.18 AND THAT SAID POLICY IS NOT REQUIRED TO PROVIDE UNINSURED/UNDERINSURED MOTORIST COVERAGE.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF IS NOT AN INSURED UNDER THE WEST AMERICAN POLICY.
Insurance companies must offer UM/UIM coverage with every automobile liability or motor vehicle liability policy delivered or issued in this state. R.C. 3937.18(A). The purpose of the requirement is "to protect persons injured in automobile accidents from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated." Abate v. Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161,165. Given this purpose, we construe the statute liberally to effectuate the goals of the legislature that coverage be provided to persons injured through the acts of uninsured or underinsured motorists. Gyori v.Johnston Coca-Cola Bottling Group, Inc. (1996), 76 Ohio St.3d 565, 567, quoting Curran v. State Auto. Mut. Ins. Co. (1971), 25 Ohio St.2d 33,38.
R.C. 3937.18 does not distinguish between consumer and commercial motor vehicle policies. Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541.Where a policy of liability insurance provides coverage for injuries andlosses arising from the operation of a motor vehicle, even in limitedcircumstances, UM/UIM coverage must be tendered by the insurer. Id. Failure to do so results in the creation of UM/UIM coverage by operation of law. Id. When that occurs, "[t]here is nothing, absent clearlanguage evidencing an intent to do so, to prevent uninsured/underinsuredcoverage from being broader than liability coverage." Selander, supra, at545 (quoting Demetry v. Kim (1991), 72 Ohio App.3d 692, 698).
The West American policy contains no express UM/UIM coverage provisions, and West American did not tender UM/UIM coverage when it delivered the policy. Shropshire claimed that UM/UIM coverage is impressed on the policy by operation of law because its terms make it an automobile liability insurance policy.
The "garage operations" definition for the coverage the policy provides includes "ownership, maintenance, or use" of covered autos. That form of coverage, albeit limited, nevertheless classifies the policy as an automobile liability insurance policy for purposes of R.C. 3937.18.Selander, supra.
The West American policy covers the liability of employees of MH Service Center, but excludes liability coverage for them in certain circumstances. Among those are the circumstances in which Shropshire was injured. The trial court held that Shropshire is thereby excluded from classification as an "insured" entitled to UM/UIM coverage. We do not agree.
In holding that UM/UIM coverage may be broader than liability coverage in Selander, supra, the Supreme Court approved the holding of the Franklin County Court of Appeals in Demetry v. Kim, supra. Demetry held that circumstantial exclusions from coverage others provided in a business liability policy do not apply to UM/UIM coverage impressed on the policy by operation of law because, where the parties themselves never intended UM/UIM coverage to be provided by the policy, negotiated exclusions which the parties intended to apply to liability coverage cannot apply to the resulting UM/UIM coverage. The Demetry court went on to find that circumstantial exclusions limiting an employee's liability coverage did not likewise limit the UM/UIM coverage benefit available to the employee in the same circumstance.
West American argues that Selander and the decision of this court inSpeelman v. Motorists Mutual Insurance Co. (Dec. 22, 1995), Montgomery App. No. 15362, unreported, which Selander likewise approved, do not operate to extend UM/UIM coverage to Shropshire because, unlike the claimants in those cases, Shropshire is not a "named insured" in the West American policy.
One may be an insured entitled to liability coverage in two ways; by name or by some defined relationship to a named insured. In either alternative, circumstantial exclusions from liability coverage may apply. West American argues that such circumstantial exclusions also extend UM/UIM coverage created by operation of law. We read Selander to reject that view, having spoken with approval of the decision inDemetry, which clearly rejected it.
Selander and Demetry stand for the proposition that UM/UIM coverage impressed on a liability policy by operation of law is for the benefit of any named insured and any other person who by reason of his or her relationship to the named insured is also an insured for purposes of liability coverage. Relationship might include an employee of a named insured or a member of the named insured's household. That liability coverage exists as a benefit of the bargain that the insurer and the insured made. However, and because they made no bargain concerning UM/UIM coverage, none of the circumstantial exclusions applicable to liability coverage to which the parties agreed apply to UM/UIM coverage impressed on the policy, as to either a claimant who is a named insured or to one who is identified as an insured by his or her relationship to the named insured.
Application of these and other rules pertaining to UM/UIM coverage have no doubt extended that coverage to persons whom insurers never intended to cover, to their resulting astonishment. That has also, no doubt, disturbed the orderly operation of the business of insurance, which requires predictability. However, these rules are posited on at least three principles which the courts have emphasized repeatedly. One is that the public policy underlying the requirements of R.C. 3937.18 is to spread the cost of injury and loss arising from the operation of motor vehicles on the public streets and highways. Another is that the respective rights and duties of the parties to a policy of insurance are determined by the law of contract, subject to the public policies of R.C. 3937.18. A third is that coverage is always favored over non-coverage when doubt exists. Rightly or wrongly, and our position as a court subordinate to the decisions of the Supreme Court of Ohio requires us to view it as rightly, those principles have operated to expand UM/UIM coverage. They likewise expand it to apply here.
Shropshire also relies on Scott-Ponzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, to argue that he is an insured for purposes of UM/UIM coverage. In Scott-Ponzer, the named insured was a corporation.Reasoning that a corporation is but a business entity and not a naturalperson that can operate a motor vehicle or suffer bodily injuries, thecourt held that, as to the UM/UIM coverage the policy expresslyprovided, the named insured status declared in the policy was ambiguous. The court further noted that a corporation can act only through its officers and employees. Therefore, and because ambiguity favors coverage, the court held that an employee of the corporation, even though he was on personal business when he was killed, was an "insured," inasmuch as the policy did not exclude personal business activities of employees from the UM/UIM coverage it provided.
Here, as in Scott-Ponzer, the claimant is an employee of a namedinsured which is a business entity. Even so, it is a partnership of twonatural persons, not a corporation. In Scott-Ponzer the policy expresslyprovided UM/UIM coverage. Here, it is impressed by operation of law. Weneed not decide the effect of those differences on the issues before us,however, because Shropshire's status as an insured for purposes of UM/UIMcoverage is determined by the rule of Demetry, supra, as approved bySelander, supra.
 We find that, per Selander and Demetry, that Plaintiff-AppellantShropshire is an insured who is entitled to UM/UIM coverage under theWest American policy. The trial court erred when it held otherwise.Shropshire's assignments of error are, therefore, sustained.
 II. Progressive's Appeal: CA 18814 FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN HOLDING THAT THE POLICY OF INSURANCE ISSUED BY WEST AMERICAN INSURANCE COMPANY WAS NOT AN AUTOMOBILE OR MOTOR VEHICLE LIABILITY POLICY WHICH REQUIRED AN OFFER OF UNINSURED/UNDERINSURED MOTORIST COVERAGE.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF, HUBERT M. SHROPSHIRE, III WAS NOT AN INSURED UNDER THE POLICY OF INSURANCE ISSUED BY WEST AMERICAN INSURANCE COMPANY FOR PURPOSES OF UNDERINSURED MOTORIST COVERAGE.
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN OVERRULING IN PART THE MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF, HUBERT M. SHROPSHIRE, III, AND DEFENDANT, PROGRESSIVE INSURANCE COMPANY, AND IN GRANTING SUMMARY JUDGMENT IN FAVOR OF WEST AMERICAN INSURANCE COMPANY.
Progressive's assignments of error are essentially the same as Shropshire's. Therefore, and to the extent that they are, Progressive's assignments of error are sustained for the same reasons.
Additionally, Progressive argues that an "other insurance" clause in its policy is controlling and requires proration of any coverage Progressive provides Shropshire with the UM/UIM coverage the West American policy provides. West American counters simply that Shropshire is not covered under their policy, so the Progressive "other insurance" clause is irrelevant.
The Progressive policy contains the following clause:
OTHER INSURANCE
 If there is other applicable insurance, we will pay only our share of the loss. Our share is the proportion that our Limit of Liability bears to the total of all applicable limits of liability. However, any insurance that we provide for a vehicle, other than a covered vehicle, or for any trailer, will be excess over any other collectible source of recovery including, but not limited to:
 Any coverage provided by the owner of the non-operated vehicle or trailer; and
Any other applicable physical damage insurance.
Progressive argues that their "other insurance" clause controls pursuant to Continental Cas. Co. v. Buckeye Union Cas. Co. (C.P. 1957), 75 Ohio Law Abs. 79, which stands for the proposition that where two policies provide coverage but one policy contains an "other insurance" clause and the other policy does not, "full force and effect is given to such clause." Id. at 85. We agree, and therefore we find that Progressive need only pay Shropshire its prorata share over and above the amount he collects from West American on behalf of the tortfeasor.
Progressive's assignments of error are sustained.
 III. Conclusion
Having sustained each assignment of error presented by both Plaintiff-Appellant Shropshire and Defendant-Appellant Progressive, we will reverse the summary judgment of the trial court and remand for further proceedings not inconsistent with this opinion.
BROGAN, J. and YOUNG, J., concur.