**WARD, Appellee,**

v.

**WAYNE MUTUAL INSURANCE COMPANY, Appellant.**

[Cite as *Ward v. Wayne Mut. Ins. Co.* (1991), 68 Ohio App.3d 155.]

Court of Appeals of Ohio,
Fairfield County.

No. CA 16–91.

Decided Dec. 16, 1991.

*Robert C. Paxton II & Associates* and *Robert C. Paxton II,* for appellee.
*William J. Holt,* for appellant.

---

SMART, Judge.

This is an appeal from a summary judgment of the Court of Common Pleas of Fairfield County, Ohio, entered in favor of plaintiff-appellee Sherry M. Ward ("Ward") and against defendant-appellant Wayne Mutual Insurance Company ("appellant") on Ward's complaint seeking payment under the underinsured provisions of the parties' contract of insurance. The insurance company's Loc.App.R. 4(D) statement on summary judgment asserts that there are no disputed issues of material fact and that the judgment was inappropriate as a matter of law.

The cause arose out of an automobile accident. Ward was operating a vehicle owned by Matthew Eveland when it collided with another vehicle owned and operated by Shawn Francis. Francis was at fault. Francis' insurance company, Progressive Insurance Company, paid Ward its policy limits of $12,500. Eveland's insurer, Motorists Mutual Insurance Company, then paid Ward $37,500 through an underinsured provision of Eveland's policy. The sum of those two payments did not fully compensate Ward for her injury. The parties stipulate that if Ward may recover from appellant through its insurance policy with Ward's husband, the amount she may recover is $37,500.

Appellant assigns two errors to the trial court:

## Assignment of Error No. I

"The trial court erred in entering summary judgment on behalf of the plaintiff on the issue of liability because, under the agreed facts, the plaintiff was not entitled to recover under the policy that the defendant provided to the plaintiff through her husband's insurance policy."

## Assignment of Error No. II

"The trial court erred in granting summary judgment on behalf of the plaintiff against the defendant as to the amount of damages because of the court's error in granting summary judgment for the plaintiff against the defendant."

Both of appellant's assignments of error raised the same issue, and we address them together.

R.C. 3937.18 states in pertinent part:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following are provided:

" * * *

"(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage at the time of the accident. The limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage, less those amounts actually recovered under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured."

The pertinent portions of the insurance contract parallel the language of the statute. They provide:

"We will pay damages when a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injuries sustained by a covered person and caused by an accident. The owners' or operators' liability for these damages must arise out of the ownership, maintenance or use of the underinsured motor vehicle.

"We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements. Our liability for underinsured motorists coverage will be limited to the difference between the amount paid by any other liability insurance and the limit of liability stated for underinsured motorists coverage.

" * * *

"LIMIT OF LIABILITY

" * * * However, the limit of liability shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible." (Emphasis *sic.*)

The parties are free to contract but their contract must conform to the laws of the state of Ohio. Our task is to construe the language of the statute that reads: "persons liable to the insured." Ward maintains that the legislature intended that to mean those persons tortiously liable to the injured person. This means that appellant could deduct from its $50,000 limit of liability only the $12,500 paid by the tortfeasor's insurance company. Appellant, on the other hand, argues that the language "persons liable to the insured" means either tortiously liable or contractually liable. Under this construction, both the $12,500 payment by the tortfeasor's insurance company and the $37,500 payment by the car owner's insurance would be deducted from appellant's obligation.

Appellant cites *Hill v. Austin Ins. Co.* (1990), 50 Ohio St.3d 243, 553 N.E.2d 658, although it admits that that case is not directly on point with this. In *Hill*, the Supreme Court held in the syllabus that:

"Unless otherwise provided by an insurer, underinsured motorist liability insurance coverage is not available to an insured where the limits of liability contained in the insured's policy are identical to the limits of liability set forth in the tortfeasor's liability insurance coverage. * * * " (Citations omitted.)

We note that the Supreme Court in *Hill* specified that it was the tortfeasor's liability insurance coverage, and not the tortfeasor's liability insurance coverage plus any collateral insurance coverage. However, the facts in *Hill* did not raise that issue.

Ward asserts that Eveland was not "a person liable" to her, and for this reason his insurance company's payment is not includable under R.C. 3937.18. Further, she argues that if the legislature had intended to limit a victim's recovery as between collateral underinsured motorist carriers, it would have created a priority schedule to govern such circumstances. For example, if Ward's damages had been greater than $12,500, but less than $50,000,

appellant and Motorist Mutual would now be seeking guidelines on what amounts they were obligated to contribute toward the balance of Ward's damages. Ward is correct when she notes that the statute would be of no help under those circumstances.

Ward urges that public policy also supports her construction. The goal of uninsured/underinsured insurance is to provide sufficient compensation for injured parties. If appellant is permitted to set off the collateral insurance payment as well as the tortfeasor's insurance payment, that it receives a windfall based solely upon the coincidence that its insured was driving someone else's car instead of her own when, through no fault of her own, she was injured.

The trial court cited *Curran v. State Auto. Mut. Ins. Co.* (1969), 25 Ohio St.2d 33, 54 O.O.2d 166, 266 N.E.2d 566. *Curran* in its syllabus held:

"1. Where an insurer provides uninsured motorist protection, as required by R.C. 3937.18, it may not avoid indemnification of its insured under that coverage by including in the insurance contract an 'other insurance' clause, which, if applied, would relieve the insurer from liability in circumstances where the insured has other similar insurance available to him from which he could be indemnified. Such an uninsured motorist coverage limitation is repugnant to the statute.

"2. Where an insured has uninsured motorist coverage available to him under two policies of insurance and has collected a portion of his damages from the primary insurer, but has not been indemnified to the full extent of his injury, he may collect for the balance of his damages, to the extent of its policy limits, from the secondary insurer."

The trial court's memorandum decision of April 9, 1991, is instructive, and is attached hereto as an Appendix and is hereby incorporated herein.

We agree with the trial court and with Ward that under the statutory and contractual language, appellant may only set off the amount paid by the tortfeasor's insurance company, because only that amount was paid by an insurance company on behalf of a person legally obligated to her.

Each assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., and WILLIAM B. HOFFMAN, J., concur.

## APPENDIX

*Ward v. Wayne Mut. Ins. Co.* (Apr. 9, 1991), Fairfield
Cty. Ct. of Common Pleas No. 90 CV JY 0275.

JOSEPH J. CLARK, Judge.

In the light of new material now before the court, most of which has been furnished in support of plaintiff's second motion for summary judgment, this case has taken on a completely different aspect.

In the first place the earlier memorandum of the court was based on the assumption that the policy limit on the Wayne Mutual insurance was $100,000 whereas it is in fact only $50,000. Furthermore, it now appears that plaintiff has received waivers of their subrogation rights from both the defendant and Motorists Mutual; thus the issues confronted in *Brogan v. Progressive Cas. Ins. Co.* (1988), 36 Ohio St.3d 22, 521 N.E.2d 447, *McDonald v. Republic–Franklin Ins. Co.* (1989), 45 Ohio St.3d 27, 543 N.E.2d 456 and *Paulette v. Metro. Property & Liability Ins. Co.* (1990), 52 Ohio St.3d 82, 555 N.E.2d 968, are not presented here.

*Curran v. State Auto. Ins. Co.* (1969), 25 Ohio St.2d 33, 54 O.O.2d 166, 266 N.E.2d 566, was a case on all fours with the case at bar. Plaintiff was a passenger in a car insured by Western Casualty & Surety Company. The policy carried an uninsured motorist clause and Western paid plaintiff the limit of its coverage. Plaintiff was also insured under a policy of her own by State Auto against injuries caused by an uninsured driver. Plaintiff's policy carried likewise an "other insurance" clause very similar to that in the present case, but the Supreme Court held the clause to be unenforceable and ordered payment in spite of it so long as the sum of the payments did not exceed the total of plaintiff's damages.

In 1980 the General Assembly passed R.C. 3937.18(E) (now R.C. 3937.18[G]) permitting the insertion of anti-stacking clauses in uninsured motorist policies. It is suggested in 58 Ohio Jurisprudence 3d (1985) 478–479, that this statute supersedes *Curran.* However, all the cases which I have found in which the anti-stacking clause has been applied are those in which one or more policies on more than one vehicle have been issued to the same insured. *Karabin v. State Auto. Mut. Ins. Co.* (1984), 10 Ohio St.3d 163, 10 OBR 497, 462 N.E.2d 403; *Saccucci v. State Farm Mut. Auto Ins. Co.* (1987), 32 Ohio St.3d 273, 512 N.E.2d 1160; *Dues v. Hodge* (1988), 36 Ohio St.3d 46, 521 N.E.2d 789; *Benson v. Rosler* (1985), 19 Ohio St.3d 41, 19 OBR 35, 482 N.E.2d 599. The necessity for anti-stacking clauses is strikingly evident in such a case as *Auto–Owners Mut. Ins. Co. v. Lewis* (1984), 10 Ohio St.3d 156, 10 OBR 490, 462 N.E.2d 396, in which the plaintiff's insurance policy covered six automo-

biles. Without an anti-stacking clause the amount of underinsurance coverage to which an insured was entitled would be determined by the number of cars he could afford to own.

But *Curran* is not superseded by R.C. 3937.18(G) for the very good reason that *Curran* is not a stacking case. And neither is the case at bar. Plaintiff carries only one underinsured motorist policy and claims only on one car. The uninsured motorist payment received by plaintiff from Motorists Mutual was in performance of its contract with Matt Eveland to which plaintiff was not a party but only a beneficiary. It is ironic that the insurance company which had no contract with plaintiff has paid underinsured motorist insurance to her whereas her own company has refused to do so. In my opinion *Curran* is still good law and controls the present case.

Defendant has undertaken to pay plaintiff underinsured motorist insurance up to its policy limits less an amount actually received from the tortfeasor's insurer. This amount is $37,500. It is no more than defendant's ratable share of similar insurance and it is within defendant's coverage limits. It is exactly what defendant would have paid except for the Motorists Mutual policy which certainly was not intended to benefit this defendant.

If the parties to this case can stipulate that the damages suffered by plaintiff are equal to or exceed the total insurance available including $37,500 due from defendant, then summary judgment in the amount of $37,500 will be entered in plaintiff's favor. Otherwise summary judgment is entered subject to determination of damages. The letter of Dr. Michael Semple attached as an exhibit to plaintiff's brief is impressive, but it is not evidence.

Counsel for the plaintiff shall prepare a judgment entry accordingly, present it to the opposing counsel for approval and submit it to the court within ten days.