HOWER ET AL., APPELLEES AND CROSS-APPELLANTS, *v.* MOTORISTS MUTUAL
INSURANCE COMPANY, APPELLANT AND CROSS-APPELLEE.

[*Cite as Hower v. Motorists Mut. Ins. Co.* (1992), 65 Ohio St.3d 442.]

(Nos. 92–34 and 92–277—Submitted September
16, 1992—Decided December 11, 1992.)

*Schnorf & Schnorf Co., L.P.A., David M. Schnorf* and *Christopher F. Parker,* for appellees and cross-appellants.

*Robison, Curphey & O'Connell* and *David W. Stuckey,* for appellant and cross-appellee.

---

BROGAN, J.  The sole issue certified by the court of appeals is whether the "other insurance" provision in the Motorists policies is ambiguous and ineffective.  In *Curran v. State Auto. Ins. Co.* (1971), 25 Ohio St.2d 33, 54 O.O.2d 166, 266 N.E.2d 566, paragraph one of the syllabus, we held that where an insurer provides uninsured motorist protection as required by R.C. 3937.18, it may not avoid indemnification of its insured under that coverage by including in the insurance contract an "other insurance" clause which, if applied, would relieve the insurer from liability in circumstances where the insured has other similar insurance available to him from which he could be indemnified.  We held that such a provision violated the legislative purpose behind R.C. 3937.18.

Effective June 25, 1980, R.C. 3937.18 was amended to include the following provision:

"(E) Any automobile liability or motor vehicle liability policy of insurance that includes uninsured motorist coverage may include terms and conditions that preclude stacking of uninsured motor vehicle coverages."  (138 Ohio Laws, Part I, 1459.)

An identical provision was included in R.C. 3937.181 (regarding underinsured motorist coverage, enacted in the same bill).  (138 Ohio Laws, Part I, 1460.)  In 1982, the provisions were consolidated and revised to currently read as follows:

"(G) Any automobile liability or motor liability policy of insurance that includes coverages offered under division (A) of this section may include terms and conditions that preclude stacking of such coverages."  (139 Ohio Laws, Part II, 2938.)

This court acknowledged that this statutory provision superseded the court's prior holdings which had found that such anti-stacking clauses were contrary to public policy.  *Karabin v. State Auto. Mut. Ins. Co.* (1984), 10 Ohio St.3d 163, 165, 10 OBR 497, 498, 462 N.E.2d 403, 405.  The *Karabin* court also rejected the argument that "stacking" in the context of R.C. 3937.18(E) applied only to intra-policy integration.  *Id.* at 166, 10 OBR at 499, 462 N.E.2d at 406.  In *Karabin,* State Automobile Mutual Insurance Company issued to the insured two automobile insurance policies insuring two different vehicles and each policy provided uninsured motorist coverage of $50,000 per

person. Each policy contained an anti-stacking provision, which read as follows:

"If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy."

This court found no ambiguity in the foregoing language and found no need to construe the language. *Id.* at 167, 10 OBR at 499, 462 N.E.2d at 406.

In *Saccucci v. State Farm Mut. Auto. Ins. Co.* (1987), 32 Ohio St.3d 273, 512 N.E.2d 1160, this court again had an opportunity to decide whether certain insurance policy language was valid and enforceable in prohibiting an insured from stacking uninsured motorist coverage under three policies. In *Saccucci,* Stacy Saccucci was a passenger in an automobile owned and operated by Thomas Bialorucki. The vehicle was struck head-on by an uninsured driver and Saccucci sustained severe injuries. Bialorucki had uninsured motorist coverage with Metropolitan Liability & Property Insurance Company of $50,-000. At the time of the accident, Saccucci's father owned three motor vehicle insurance policies issued by State Farm Mutual Automobile Insurance Company ("State Farm"). The three policies had a limit of liability in the amount of $25,000 for uninsured motorist coverage. Because her medical expenses exceeded $25,000, Saccucci attempted to stack the three policy coverages. State Farm contended that anti-stacking language in the policies limited her total recovery under the policies to $25,000. The relevant "anti-stacking" language in the State Farm policies provided:

**"If There is Other Uninsured Motor Vehicle Coverage**

" * * *

"3. If the *insured* is injured while *occupying* a vehicle not owned by *you, your spouse* or any *relative,* this coverage applies:

"a. as excess to any uninsured motor vehicle coverage which applies to the vehicle as primary coverage, but

"b. only in the amount by which it exceeds the primary coverage

"If coverage under more than one policy applies as excess:

"a. the total limit of liability shall not exceed the difference between the limit of liability of the coverage that applies as primary and the highest limit of liability of any one of the coverages that apply as excess; and

"b. we are liable only for our share. Our share is that per cent of the damages that the limit of liability of this coverage bears to the total of all uninsured motor vehicle coverage applicable as excess to the accident." (Emphasis *sic.*)

Both the trial court and the court of appeals found the anti-stacking clause ambiguous and unenforceable. In a *per curiam* opinion, this court reversed the court of appeals and noted:

"The second part of the disputed provision is an 'escape' pro rata clause intended to prevent inter-policy stacking.

"The court of appeals below points out that the majority view among the states is that this kind of clause is ineffective to preclude an insured from recovery up to the policy limits from each policy. However, this view conflicts with the intent of R.C. 3937.18(G), as applied by *Karabin* and *Hedrick*.

"Finally, the lower court decisions and the briefs filed in this case contain detailed and conflicting arguments as to the degree of clarity, conspicuousness and ambiguity of the language at issue. Saccucci argues that the 'anti-stacking' intent is not as clear and direct as the brief, pointed statement at issue in *Karabin, supra.* On the other hand, State Farm argues that the 'clear and conspicuous' aspects of the policy—the bold type headings, italicized terms, and conspicuous placement in the text—are obvious when the language is viewed in the context of the entire policy. Although the language at issue is somewhat technical, it does not seem that the provision is so unclear or ambiguous as to be deceptive or unreasonably difficult to understand.

"For the reasons stated above, we find that the policy provision at issue in this case is valid and enforceable to preclude stacking of uninsured motorist coverages. Accordingly, we hereby reverse the judgment of the court of appeals." *Id.* at 277, 512 N.E.2d at 1163–1164.

In *Dues v. Hodge* (1988), 36 Ohio St.3d 46, 521 N.E.2d 789, this court held that an insurance company may, pursuant to R.C. 3937.18(G), preclude the stacking of uninsured motorist coverage, but the provision must be both unambiguous and clear and conspicuous in the insurance contract. *Id.* at paragraph one of the syllabus. This court held that the language "the total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability" can only mean that the insured may not stack coverage. *Id.* at 48, 521 N.E.2d at 792.

In the instant case, the court of appeals found that Motorists' anti-stacking provision was ambiguous because the phrase "other * * * similar insurance" is capable of two different reasonable interpretations: (1) it refers to other insurance issued by the same insurer, or (2) it refers to insurance issued by other insurers. We disagree.

There is nothing in the "other insurance" provision that remotely suggests to the insured that the other similar insurance applying to the accident must have been procured from the same insurance company as the insured's.

There is nothing inherently ambiguous or confusing about the policy language. A person of ordinary intelligence and experience should be able to read and understand these terms. *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 24 O.O.3d 274, 436 N.E.2d 1347, syllabus.

Accordingly, we hold that the language in an automobile insurance policy that "[i]f this policy and any other policy providing similar insurance apply to the same accident, the maximum limit of liability under all the policies shall be the highest applicable limit of liability under any policy" is not ambiguous and is a valid anti-stacking provision.

The Howers have cross-appealed and contend that the court of appeals erred when it determined that Motorists' "other insurance" provision did not violate the public policy behind R.C. 3937.18. The Howers contend that R.C. 3937.18(A)(2) entitles them to underinsured motorist benefits from Motorists in spite of each receiving similar benefits from the insurer of the vehicle in which they were passengers.

The Howers contend that Motorists was only entitled to set off the amounts paid to its insured by the tortfeasor's carrier, citing *Ward v. Wayne Mut. Ins. Co.* (1991), 68 Ohio App.3d 155, 587 N.E.2d 478. In that case, the Court of Appeals for Fairfield County held that the insurer, whose underinsurance liability was statutorily and contractually reduced by sums paid to its insured on behalf of "persons liable to the insured," was entitled to set off only those amounts paid by tortfeasor's insurer, and not amounts paid by the insurer of the car the insured was driving at the time of the accident. The court held the amount paid by the tortfeasor's insurer was the amount paid on behalf of the person legally obligated to the insured within the meaning of R.C. 3937.-18(A)(2).

Motorists contends that the public policy behind the underinsurance statute has been met because the Howers have received $50,000—the amount of the underinsurance protection they each selected in purchasing their Motorists policy. Underinsured motorist coverage is to provide "an option by which an insured may voluntarily predetermine the amount of insurance he desires to protect him in the event of injury by a negligent motorist who has liability insurance in an amount less than that pre-determined amount." *Ohio Cas. Ins. Co. v. Yoby* (1985), 23 Ohio App.3d 51, 54, 23 OBR 96, 98, 491 N.E.2d 360, 363, cited with approval in *Hill v. Allstate Ins. Co.* (1990), 50 Ohio St.3d 243, 553 N.E.2d 658.

"Persons liable to the insured" is not defined in R.C. 3937.18(A)(2). The trial court found that "persons liable" reasonably means all who have made payment to the insured, since payments to another are not rationally made out of mere generosity. We do not find that the purposes of underinsured

motorist protection, as mandated by R.C. 3937.18(A)(2), are frustrated by the setting off of insurance payments by all those contractually liable to the insured.

Thus, we hold that an insurer whose underinsurance liability is statutorily and contractually reduced by sums paid to the insured on behalf of "persons liable to the insured," within the meaning of R.C. 3937.18(A)(2), is entitled to set off the amount paid by the tortfeasor's insurer as well as the amount paid by the insurer of the vehicle the insured was driving at the time of the accident.

In their second proposition of law, the Howers argue that Motorists' "other insurance" clause operates as an umbrella policy of insurance. They argue that since Motorists has used the terms "excess" and not "secondary" in the "other insurance" clause, the underinsurance coverage afforded by Motorists when the insured is injured in a nonowned vehicle constitutes an "umbrella" policy of insurance.

Motorists responds that the Howers' "umbrella policy" argument is just another way of contending that they may stack the policy limits available under the Buckeye Union policy with the limits available under the Motorists policies. The "excess" clause simply limits the insurer's liability when the insured is injured as a result of an accident in a nonowned vehicle to the excess over other collectible insurance. See, *e.g.*, *State Farm Ins. Co. v. Home Indemn. Ins. Co.* (1970), 23 Ohio St.2d 45, 52 O.O.2d 170, 261 N.E.2d 128.

The "excess" clause must be read in the context of the entire "other insurance" provision which describes how liability will be apportioned or limited in various circumstances. There is no conflict between the anti-stacking clause and the "excess" clause. See *Mueller v. W. Reserve Mut. Cas. Co.* (Oct. 2, 1986), Cuyahoga App. No. 50998, unreported, 1986 WL 11514. The Howers' argument that the "other insurance" provision operates as umbrella policy is without merit.

The judgment of the court of appeals is reversed and the judgment of the trial court entered on behalf of Motorists is hereby reinstated.

*Judgment reversed.*

MOYER, C.J., HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

JAMES A. BROGAN, J., of the Second Appellate District, sitting for RESNICK, J.