OPINION AND JUDGMENT ENTRY
This case is on appeal from the November 10, 1998 judgement of the Lucas County Court of Common Pleas, which granted partial summary judgment in this action and added the necessary Civ.R. 54(B) language to make its decision immediately appealable. On appeal, appellants, Joseph Lemble, as Legal Custodian and Next Friend of his two minor children, Tamara Lemble and Joseph Lemble Jr., minors; Carol S. Rieger, Legal Guardian of the person and estate of April Costen, a minor; and Patricia Kihlken, Legal Guardian of the person and estate of Carol Lemble, an incompetent, assert the following assignments of error on appeal:
"Assignment of Error No. 1:
 "The trial court committed reversible error in granting the defendant/ appellees' motion for summary judgment and in finding that the plaintiff/ appellants are precluded from stacking the Commercial Union and Cincinnati Insurance Company insurance policy benefits, pursuant to the provisions of R.C. 3937.18(G).
 "A) The trial court erred in finding that the anti-stacking clauses found in the Commercial Union Insurance Company and Cincinnati Insurance Company policies contained clear and unambiguous language.
 "B) The trial court erred in ordering that the plaintiff/ appellants [sic] recovery be limited to a single $300,000.00 claim against Commercial Union Insurance only, and not also as against Cincinnati Insurance Company and Auto Owners Insurance Company.
 "C) The trial court erred in finding that (sic) 3937.18, and (sic) 3937.18(G) in particular, is constitutional.
"Assignment of Error No. 2:
 "The trial court committed reversible error in finding that the policy limits were subject to a reduction by those amounts recovered by plaintiff/appellants from the original tortfeasor pursuant to Revised Code Sec. 3937.18.
"Assignment of Error No. 3:
 "The trial court committed reversible error in finding that Commercial Union Insurance Company's policy was primary and Cincinnati Insurance Company's policy was secondary; and, that Auto Owners Insurance Company was not liable to Tamara and Joseph Lemble for injuries they sustained as a result of the June 23, 1995 accident."
Joseph Lemble brought suit on behalf of Tamara Lemble, Joseph Lemble Jr., and April Costen against Jennifer Belknap, the tortfeasor, and against Cincinnati Insurance Company, Commercial Union Insurance Company, and Owners Insurance Company seeking declaratory judgment against the three insurance companies involved that these children are insureds under each of the policies and are entitled to collect damages pursuant to the insurance contracts. Carol S. Rieger also filed suit against Belknap, Cincinnati Insurance Company and Commercial Union Insurance Company on behalf of April Costen. Patricia Kihlken brought suit on behalf of Carol Lemble against Cincinnati Insurance Company, and Commercial Union Insurance Company. All three cases were consolidated.
The stipulated facts in this case are as follows. On June 23, 1995, Carol Lemble was driving a van owned by Donald Toeppe, Jr. with his permission. Her two minor children, Tamara Lemble and Joseph Lemble Jr., were passengers in the vehicle. On that date, Carol Lemble's vehicle was involved in an accident with a car driven by Jennifer Belknap.
Carol Lemble was insured by Cincinnati Insurance Company, with underinsured motorist coverage limits of $100,000 per person/$300,000 per accident. Toeppe was insured by Commercial Union Insurance Company, through The Employers Fire Insurance Company, with underinsured motorist coverage limits of $100,000 per person/$300,000 per accident. The van was listed in the declarations of the policy. Belknap was insured by an insurance company not involved in this appeal with liability limits of $25,000 per person/$50,000 per accident.
In addition, the following evidence was submitted in connection with the summary judgment motions. Joseph Lemble Sr., the father of the two minor children involved in the accident, is insured by Owners Insurance Company, also with underinsured motorist insurance limits of $100,000 per person/$300,000 per accident. April Costen, a minor child of Carol Lemble, was not involved in the accident, but has a consortium claim.
The Lembles' negligence claim against Belknap was settled with payment up to the limits of her insurance policy. The remaining issue in this case is the declaratory judgment actions brought by appellants against the appellee insurance companies to determine appellants' rights of coverage.
Cincinnati Insurance Company moved for partial summary judgment declaring that Commercial Union Insurance Company owes primary underinsured coverage. Commercial Union Insurance Company moved for partial summary judgment declaring that: 1) the total amount of coverage available is $300,000, reduced by the amount received by appellants from the tortfeasor's insurance company and that 2) Cincinnati Insurance Company and Commercial Union Insurance Company are each responsible for their pro rata share of the amount owed to appellants. Appellant Joseph Lemble also moved for summary judgment declaring that Cincinnati Insurance Company and Commercial Union Insurance Company must make available the full extent of coverage under both policies in the total sum of $600,000 without any setoff for the monies which appellants previously received from the tortfeasor's insurance policy. Owners Insurance Company moved for partial summary judgment declaring that the three insurance companies are responsible to appellants on a pro rata one-third basis (Owners Insurance Company being liable only as to Tamara Lemble and Joseph Lemble Jr.), with a setoff equal to the amount appellants received from the tortfeasor's insurance company.
The trial court granted full summary judgment to Owners Insurance Company on the ground that an exclusion in the policy exempted Tamara Lemble and Joseph Lemble Jr. from coverage, although Owners Insurance Company never requested summary judgment on this ground. The court granted in part the motion for partial summary judgment filed by Commercial Union Insurance Company holding that the total amount of coverage available under the Cincinnati Insurance Company policy and the Commercial Insurance Company policy was $300,000, less the amount received from the tortfeasor's insurance company. However, the trial court granted partial summary judgment to Cincinnati Insurance Company and declared that Commercial Union Insurance Company owed primary coverage to appellants. Consequently, the court implicitly denied the motion for partial summary filed by appellant Joseph Lemble.
All of appellants' assignments of error involve a review of the trial court's ruling on the motions for summary judgment. An appellate court reviews summary judgment de novo. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35, 36 and Brown v.Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, we must determine if the requirements of Civ.R. 56(C) have been met. That rule provides that summary judgment is appropriate if:
 "* * * there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"
There are no material questions of fact at issue in this case. All of the issues presented are questions of law.
 I. FIRST ASSIGNMENT OF ERROR
In their first assignment of error, appellants argue that the trial court erred by granting the summary judgment motions of Commercial Insurance Company and Cincinnati Insurance Company finding that appellants could not stack the policy benefits payable under each company's policy. Appellants' argument is divided into three parts.
 A. AMBIGUITY
First, appellants argue that the anti-stacking clauses in the two policies are ambiguous, unclear, and are not conspicuous in the policy.
With respect to the Commercial Union Insurance Company policy, appellants argue that the company failed in opposing summary judgment to identify any anti-stacking language in its contract. Furthermore, they argue that the policy and endorsements are so poorly drafted that it is impossible for a minimally-educated lay person to determine if there is any anti-stacking language in the policy and which section would apply.
The Commercial Union Insurance Company policy provides in one of several endorsements attached to the policy that Part C of the policy was to be amended by replacing Part C with the language contained in the endorsement. That language was similar to the original Part C. However, the section labeled "Other Insurance" was revised as follows:
Original Provision:
"OTHER INSURANCE
 "If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance."
Amended Provision:
"OTHER INSURANCE
 "If there is other applicable insurance available under one or more policies or provisions of coverage:
 "1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.
 "2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis.
"3. If the coverage under this policy is provided:
 "a. On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.
 "b. On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis."
With respect to the Cincinnati Insurance Company policy, the anti-stacking clause reads as follows in the 1984 endorsement:
"OTHER INSURANCE
 "If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance."
As of May 1994, this provision was revised in an amendment to the policy provisions to read as follows:
"OTHER INSURANCE
 "If there is other applicable similar insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.
 "If this policy and any other policy providing similar insurance apply to the same accident, the maximum limit of liability under all the policies shall be the highest applicable limit of liability under any policy. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance."
Both Commercial Union Insurance Company and Cincinnati Insurance Company argue that the Ohio Supreme Court has already determined that the anti-stacking clauses of their policies are unambiguous. Hower v. Motorists Mut. Ins. Co. (1992), 65 Ohio St.3d 442, paragraph one of the syllabus, overruled on other grounds in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, paragraph two of the syllabus (which was superseded by statute as stated in Dittman v. State Farm Ins. Co. (Oct. 7, 1994), Lucas App. No. L-93-259, unreported). In the Hower case, the court held that "[t]he language in an automobile insurance policy that `if this policy and any other policy providing similar insurance apply to the same accident, the maximum limit of liability under all the policies shall be the highest applicable limit of liability under any policy' is not ambiguous and is a valid anti-stacking provision." Hower, supra.
Since the Cincinnati Insurance Company policy in this case contains identical language to that found in the Hower case, we must find that it is unambiguous. We also find that it was clearly displayed in the amendment to the policy provisions. While the anti-stacking language in the Commercial Union Insurance Company is not exactly the same, we find that it is similar enough that it should also be declared unambiguous. While locating the anti-stacking clause is somewhat cumbersome because of all the endorsements attached to the policy, it is possible for the ordinary person to locate it and understand its meaning.
Appellants argue that the policy must contain the word "anti-stacking" to make the policy clear. We disagree. "Other Insurance" is an equally clear method of identifying the section.
Appellants also argue that the Cincinnati Insurance Company policy anti-stacking language was added to the policy after the Ohio Supreme Court determined in Savoie, supra, that such language was prohibited but before Senate Bill 20 was passed revising R.C. 3937.18(G) permitting such language. Therefore, appellants argue that at the time this language was included in the policy, it was prohibited.
Under Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, syllabus, the law in effect when the policy was entered into governs the scope of coverage of an underinsured motorist claim. In this case, the Cincinnati Insurance Company renewal policy was effective from April 4, 1995 to April 4, 1996. At that time, the current version of the underinsured provisions of the policy was the May 1994 endorsement quoted above. As of May 1994 this type of anti-stacking provision was not permitted under Savoie, supra. However, R.C. 3937.18 was amended as of October 20, 1994 to permit all types of anti-stacking provisions. Thus, at the time the renewal contract was entered into in April 1995, the policy language was permitted by statute. Therefore, the current version of R.C. 3937.18 governs the interpretation of the rights and duties of the parties under this contract of insurance.
 B. SCOPE OF R.C. 3937.18(G)
Second, appellants argue that while R.C. 3937.18(G) currently permits insurance companies to preclude inter-family and intra-family stacking of insurance polices, it does not bar appellants from collecting the aggregate amount of coverage due under the two policies in this action. They argue that the statute does not apply to two different policies purchased by non-family members who did not live in the same household and many of whom are not directly involved in the accident. Furthermore, if the statute appears to cover such a scenario, appellants argue that the Ohio Supreme Court has already indicated that it would find that type of preclusion of stacking to be unconscionable based upon the dicta in Savoie, supra at 507.
We disagree. Whatever the Ohio Supreme Court stated in dicta in the Savoie case has been superseded by statute. S.B. 20, which amended R.C. 3937.18(G), explicitly indicated that this section was being amended to supersede the Savoie holding and permit contract language which prohibits any type of stacking of uninsured/underinsured claims. Therefore, it is irrelevant whether the facts of this case constitute "inter-family" stacking or some other type of stacking. The anti-stacking language in these two policies is broad enough to cover this type of stacking.
 C. CONSTITUTIONALITY OF R.C. 3937.18
Third, appellants argue that R.C. 3937.18 in general and specifically subsection (G) is unconstitutional and against public policy because it violates the Separation of Powers set forth in Article II, Section I and Article IV, Section 1 of the Ohio Constitution and the Equal Protection Clause of Article I, Section2 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.
Commercial Union Insurance Company argues that appellants cannot raise the issue of the constitutionality of the statute because they failed to serve a copy of their complaint (or their motion for summary judgment) on the attorney general pursuant to R.C. 2721.12. We agree.
R.C. 2721.12 provides that if a party alleges in a declaratory judgment action that a statute is unconstitutional, the attorney general must be served with a copy of the proceeding and shall be heard. Failure to do so deprives the court of jurisdiction to render declaratory judgment on this issue. Accord,Malloy v. City of Westlake (1977), 52 Ohio St.2d 103, syllabus. Since this is a jurisdictional challenge, it can be raised at any stage of the proceeding. Asbury Apts. v. Dayton Bd. of ZoningAppeals (1997), 77 Ohio St.3d 1229.
Since appellants failed to serve the attorney general in this case, the trial court did not have jurisdiction to rule on the constitutionality of R.C. 3937.18. Therefore, the trial court's declaration that the statute is constitutional is void and is hereby vacated.
Appellants' first assignment of error is found not well-taken.
 II. SECOND ASSIGNMENT OF ERROR
In their second assignment of error, appellants argue that the trial court erred when it found that the policy limits were subject to a reduction by the amounts appellants received from the tortfeasor pursuant to R.C. 3937.18(A)(2). They argue that because this statutory section was enacted as a reaction to the Ohio Supreme Court's decision in Savoie, supra, it is still unconstitutional for the reasons set forth with respect to their first assignment of error.
We cannot reach the merits of this assignment of error because we lack jurisdiction to do so. As stated above, the constitutionality of a statute cannot be determined in a declaratory judgment action unless the attorney general was served with notice of the proceedings and given an opportunity to be heard. Appellants' second assignment of error is not well-taken.
 III. THIRD ASSIGNMENT OF ERROR
In their third assignment of error, appellants argue that the trial court erred when it found that: 1) that Owner's Insurance Company was not liable to Tamara and Joseph Lemble; and 2) the Commercial Union Insurance policy was primary and that the Cincinnati Insurance Company policy was secondary. Appellants contend that all three insurance companies should participate on a pro rata basis.
 A. COVERAGE UNDER THE OWNERS INSURANCE COMPANY POLICY
Appellants first argue that Tamara and Joseph Lemble are insureds under the Owners Insurance Company policies. This argument is unnecessary, however, because Owners Insurance Company admitted that the two children were insureds under its policy.
However, the policy also contained an exclusion that precluded application of the uninsured/underinsured motorists coverage as follows:
"Exclusions
This coverage does not apply:
 "(a) To any person injured while occupying or getting in or out of any motor vehicle not owned by that person if the owner has similar coverage which is available to that person."
The trial court found that since the children had similar coverage under the Commercial Union Insurance Company policy, they were excluded from coverage under the Owners Insurance Company policy. Appellants do not contend that this type of exclusion is prohibited by R.C. 3937.18(G).
Instead, appellants argue that since the Owners Insurance Company policy contains an excess clause, as does the other two policies, the excess clause is unenforceable. Appellants do not clarify if they are contending that the above-quoted clause is the excess clause. In any event, they argue that under that situation, the insurance companies are liable on a pro rata basis. As will be discussed next, we agree with the trial court that the Commercial Union Insurance Company's excess clause was not applicable in this case and that the company owes primary coverage to appellants. Therefore, Owners Insurance Company does not owe pro rata coverage in this case and appellants' argument fails.
 B. PRIMARY/SECONDARY VERSUS PRO RATA COVERAGE
Appellants in their third assignment of error and Commercial Union Insurance Company in its sole assignment of error on cross-appeal argue that because the policies contain excess insurance and pro rata clauses, the companies are liable in proportion to the amount of insurance provided by their policies. Thus, they argue that the trial court erred when it concluded that the Commercial Union Insurance Company owed primary coverage and Cincinnati Insurance Company owed secondary coverage. They believe that the trial court's reliance on Ohio Govt. Risk Mgt.Plan v. Cty. Risk Sharing Auth., Inc. (Sept. 30, 1998), Fulton App. No. F-98-001, unreported was misplaced. They argue that in the Ohio Government case the language of the policies did not clarify whether pro rata coverage was appropriate. Instead, they argue that this case is controlled by Tedeschiv. Mercer (Apr. 29, 1996), Carroll App. No. 649, unreported.
In opposition, Cincinnati Insurance Company and Owners Insurance Company argue that the excess clause of the Commercial Union Insurance Policy was not applicable under the circumstances of this case because the "you" in the clause refers to Donald Toeppe, the owner of one of the vehicles involved in the accident. Therefore, they concluded that Commercial Union Insurance Company is the primary insurer.
The key in this case is the interpretation of the excess clause in the Commercial Union Insurance Company policy, which reads as follows:
 "If there is other applicable insurance available under one or more policies or provisions of coverage:
"1. * * *.
 "2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis."
The policy defines "you" in the definition section as being the "`named insured' shown in the Declarations; * * *." The named insured is Donald Toeppe. For that reason, the trial court found that the excess clause was not applicable and that the Commercial Union Insurance Company owed coverage on a primary basis. We agree.
While the trial court cited to Ohio Government, supra, it did not need to do so to reach the conclusion that it did. That case concerns the application of general contract principles where the language of the insurance policies involved did not clarify which policy provided primary insurance. That is not the issue in this case. Here, the policies clearly indicate that the Commercial Union Insurance Company owes primary coverage. Thus, this case is similar to the facts in Baskin v. Allstate InsuranceCompany (June 17, 1998), Summit App. No. 18653, unreported cited by the trial court.
In the Baskin case, the policy covering the owner of the vehicle provided that the excess clause was only applicable if the injured person was occupying a vehicle not owned by the policyholder. Therefore, the court applied the rule established in Motorists Mutual Ins. Co. v. Lumbermens Mut. Ins. Co. (1965),1 Ohio St.2d 105, syllabus:
 "Where one insurer insures against a loss and provides that it shall not be liable for a greater proportion of the loss than the applicable limit of liability stated in its declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss, and another insurer insures against the same loss and additionally provides that such insurance shall be excess insurance over any other valid and collectible insurance available to its insured, effect should be given to the latter provision, and the first insurer should be held to be the primary insurer."
The Tedeschi case involves a similar fact pattern to the case before us. A key difference, however, in the Tedeschi case is that the policy of the owner of the vehicle involved in the accident apparently did not define "you" as the named insured and the court interpreted the contract as providing that "you" referred to the injured person. In the case before us, however, the Commercial Union Insurance policy clearly defines "you" as the named insured.
Therefore, we find appellants' third assignment of error and Commercial Union Insurance Company's sole cross-assignment of error not well taken.
Having found that the trial court did not commit error prejudicial to appellants or Commercial Union Insurance Company, the judgment of the Lucas County Court of Common Pleas is affirmed in part. The court's judgment is vacated only insofar as it declared R.C. 3937.18 constitutional. Pursuant to App. R. 24, appellants and Commercial Insurance Company are equally responsible for payment of the appellate court costs.
JUDGMENT AFFIRMED, IN PART, AND VACATED, IN PART.
 Peter M. Handwork, P.J., Melvin L. Resnick, J.,Richard W. Knepper, J., concur.