DECISION AND JUDGMENT ENTRY
This case comes before the court on appeal from a judgment of the Lucas County Court of Common Pleas, which granted appellees' motions for summary judgment. The trial court found that appellees, Grange Mutual Casualty Insurance Company ("Grange") and State Farm Mutual insurance Company ("State Farm"), were each entitled to a setoff of the full amount received by appellant, Frances Harris, from the tortfeasor, Regina Shy. The trial court also concluded that the State Farm and Grange underinsured/uninsured motor vehicle policies contained valid and enforceable anti-stacking clauses.
On December 29, 1996, Harris was a passenger in a motor vehicle operated by Mary Ackerman. At the intersection of Reynolds Road and Central Avenue, the Ackerman vehicle collided with a vehicle operated by Regina Shy. As a result of the accident, Harris was injured.
At the time of the collision, Shy was insured by State Farm, having liability coverage with a limit of $100,000 per person and $300,000 per accident. Ackerman was also insured by State Farm, with an underinsured motorist coverage limits of $100,000 per person/$300,000 per accident. Harris was insured by Grange; her underinsured motorist coverage had the same limits as the two State Farm policies.
Harris filed suit against Ackerman, Shy, State Farm and Grange. In her first count, Harris asked for damages for the personal injury she suffered as a result of the negligence of Shy, Ackerman and State Farm (Shy's employer). In her second count, Harris asked the court to declare that she was entitled to underinsured benefits under Ackerman's State Farm policy and her own Grange policy.
On October 30, 1997, Harris entered into a settlement agreement with Shy. Pursuant to the agreement, Shy paid Harris $100,000, the single person limit of her liability coverage. State Farm and Grange waived any subrogation rights that might arise from Harris' underinsured claims against them. In December 1997, the court dismissed, with prejudice, the claim against Shy.
On December 1, 1997, State Farm filed a motion for summary judgment, arguing that pursuant to R.C. 3937.18(A)(2), as effective October 20, 1994, it was allowed to offset the amount, $100,000, available in underinsured motorist coverage against the settlement of $100,000 received from Shy. Therefore, State Farm asserted that Harris could not recover under the underinsured motorist provision of Ackerman's State Farm policy. Subsequently, Grange filed a motion for summary judgment, also contending that it was entitled to a setoff of $100,000; thus, Harris was not entitled to recover any amount pursuant to the terms of her underinsured motorist policy.
In her combined motion for summary judgment and memorandum in opposition, Harris urged that the setoff proposed by State Farm and Grange, under which a single liability payment could be used twice as an offset against separate coverages was "an unconscionable and unjust enrichment * * * violative of R.C.3937.18(A)(2)." Harris also maintained that the anti-stacking provisions found in the State Farm and Grange policies violated R.C. 3937.18(A)(2) "insofar as they operate to impermissibly reduce underinsured motorist coverage provided by the policies." State Farm and Grange filed memoranda in opposition to Harris' motion for summary judgment in which they addressed both the issue of setoff and the issue of anti-stacking.
On December 1, 1998, the trial court entered a judgment granting State Farm's and Grange's motions for summary judgment, denying Harris' motion for summary judgment and dismissing, with prejudice, the claims against the two insurance companies. Construing the language of R.C. 3937.18(A)(2), the court found that, pursuant to the statute, Harris' underinsured limits "were completely extinguished by the settlement she received from the tortfeasor's bodily injury liability insurance policy." In addition, the court held that the anti-stacking provisions in the State Farm and Grange policies were clear and unambiguous and were not violative of R.C. 3937.18. Harris appealed this judgment and later dismissed her claim against Ackerman, with prejudice.
Harris asserts the following assignments of error:
 "1. IT WAS ERROR FOR THE TRIAL COURT TO DENY APPELLANT UNDERINSURED MOTORIST BENEFITS BY ENFORCING THE `OTHER INSURANCE' CLAUSES OF THE UNINSURED/UNDERINSURED MOTORIST COVERAGE PROVIDED TO HER IN THE POLICIES OF AUTOMOBILE INSURANCE ISSUED BY APPELLEES STATE FARM MUTUAL INSURANCE COMPANY AND GRANGE MUTUAL CASUALTY COMPANY."
 "2. IT WAS ERROR FOR THE TRIAL COURT TO ENFORCE THE `SET OFF' [SIC] CLAUSES AND THEREBY DENY APPELLANT THE BENEFITS PAYABLE TO HER FROM THE UNINSURED/UNDERINSURED MOTORIST COVERAGE PROVIDED TO HER IN THE POLICIES OF AUTOMOBILE INSURANCE ISSUED BY APPELLEES STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND GRANGE MUTUAL CASUALTY INSURANCE COMPANY."
 "3. EVEN IF THE `OTHER INSURANCE' AND `SET OFF' [SIC] CLAUSES OF THE POLICY OF AUTOMOBILE INSURANCE ISSUED BY APPELLEE STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ARE VALID, IT WAS, NEVERTHELESS, ERROR FOR THE TRIAL COURT TO ENFORCE THE CORRESPONDING CLAUSES IN THE UNINSURED/UNDERINSURED COVER AGE OF AUTOMOBILE INSURANCE POLICY ISSUED BY APPELLEE GRANGE MUTUAL CASUALTY INSURANCE COMPANY SINCE THAT POLICY IS `EXCESS' COVER AGE."
Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law. Horton v. Harwick Chem.Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus. This court engages in a de novo review of the lower court's grant of summary judgment. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711.
The relevant portions of R.C. 3937.18, as effective October 20, 1994, provided, in pertinent part:
 "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insureds:
"(1) * * *
 "(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for insureds thereunder against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of cover age available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. Under insured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. * * *.
 "(G) Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section may, without regard to any premiums involved, include terms and conditions that preclude any and all stacking of such coverages, including but not limited to:
 "(1) Interfamily stacking, which is the aggregating of the limits of such coverages by the same person or two or more persons, whether family members or not, who are not members of the same household; * * *."
In her first assignment of error, Harris contends that the trial court erred in finding that the anti-stacking clauses in the State Farm and Grange underinsured motorist policies are invalid. Harris sets forth three bases for this contention. First, she argues that the net effect of the "other insurance clauses" is to reduce the amount of uninsured/underinsured motorist coverage to less than the coverage afforded under the liability coverage, thereby, violating R.C. 3937.18(A)(2). Second, Harris maintains that the State Farm and Grange anti-stacking clauses are vague and, therefore, are unenforceable. Third, she asserts that the State Farm anti-stacking clause does not prohibit "aggregating" that policy with the Grange policy.
As to Harris' first argument, she claims that when separate "other insurance" clauses govern liability and uninsured/underinsured coverage limits in the same policy, they must be "identical and unambiguous." According to Harris, the failure to comply with such a requirement impermissibly restricts damages recovered by an injured party to the limit set in a single policy, in this case, $100,000. Appellant fails to cite any authority for this proposition. Instead, she extrapolates the law set forth inState Farm Auto Ins. Co. v. Rose (1991), 61 Ohio St.3d 528 andEstate of Oldham v. State Farm Automobile Ins. Co. (1992),81 Ohio App.3d 802[1], to reach her conclusion. Appellant's theory ignores the plain and unambiguous language of amended R.C.3937.18.
R.C. 3937.18(A)(2) expressly states that the insurer must offer underinsured motorist coverage with the same limit as the insured's liability coverage. It neither requires the insurer to issue a underinsured motor vehicle policy identical to liability policy nor precludes the inclusion of "other insurance clauses," that is, anti-stacking clauses, in a policy. More importantly, R.C. 3937.18(G) plainly permits an insurer to preclude any and all stacking. That section does not impose a requirement that, in order to be valid, the "other insurance" clause and a liability clause in the same policy must be "identical."
In considering appellant's second and third arguments, we must start with the proposition that in enacting R.C.3937.18(G) the legislature has spoken and expressed a clear intent to allow an insurer to preclude "any and all" stacking of motor vehicle insurance coverages. Thus, our determination of whether the State Farm and Grange anti-stacking clauses are not vague and are, therefore, enforceable turns on the construction of those provisions. An insurance policy is, in fact, a written contract and, as such, must be construed in accordance with the same rules as other written contracts. Gomolka v. State Auto.Mut. Ins. Co. (1982), 70 Ohio St.2d 166, 167. Thus, in reviewing an insurance policy, the words and phrases used therein must be given their plain and ordinary meaning where possible. Id. To the extent that the language of an insurance policy is clear and unambiguous, it is unnecessary and impermissible for a court to resort to construction of that language. Id.
In Section III of Ackerman's State Farm policy, the anti-stacking clause reads, in relevant part:
"If There Is Other Similar Coverage
"* * *
"2. If Any Other Policies Apply
"* * *
 "(1) the total limits of liability under all similar coverages that apply shall not exceed that of the coverage with the highest limit of liability; and
 "(2) we are liable only for our share. Our share is that per cent of the damages that our limit of liability determined in 1 above bears to the total sum of that limit of liability and the limits of liability of all similar coverages that apply."
Endorsement 6093C amends the anti-stacking clause in Section III, reading, in part: "Any and all stacking of uninsured motor vehicle coverage is precluded."
The Grange anti-stacking clause reads:
"OTHER INSURANCE
 "If there is other applicable similar insurance available under one or more policy or provision of coverage:
 "1. Any recovery for damages for bodily injury
sustained by an insured may equal but not exceed the higher of the applicable limit for any one vehicle under this insurance or any other insurance.
 "2. With respect to a vehicle not owned by you or a family member, we will provide insurance only in the amount by which your limit of liability for this coverage exceeds the limit of liability for any other applicable insurance.
 "3. Otherwise we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.
 "4. The provisions of this section apply without regard to any premium(s) involved, and apply to vehicles owned by you, family members or others who are not family members."
Following Hower v. Motorists Mut. Ins. Co. (1992),65 Ohio St.3d 442, we recently determined that two "other insurance" clauses contained in two separate motor vehicle policies were clear and unambiguous anti-stacking clauses. See Lemble v.Belknap (Sept. 30, 1999), Lucas App. No. L-98-1417, unreported. These clauses contained language very similar to those in the case before us. In particular, in Hower, the Ohio Supreme Court held that language in an automobile insurance policy stating "if this policy and any other policy providing similar insurance apply to the same accident, the maximum limit of liability under all the policies shall be the highest applicable limit of liability under any policy" is not ambiguous and is a valid anti-stacking provision. Id. In the present case, both anti-stacking clauses track the dispositive language in the Hower and Lemble
automobile policies. Neither the underinsured limit of the State Farm policy nor the underinsured limit of the Grange policy exceeds the highest limit, $100,000 of the tortfeasor's State Farm motor vehicle liability policy. We therefore conclude, as did the trial court, that the clauses are not "vague" and unenforceable and that they unambiguously preclude stacking of insurance coverages, including aggregation of the State Farm and Grange policies. Therefore, reasonable minds could only conclude, as a matter of law, that State Farm and Grange were entitled to summary judgment. Accordingly, appellant's first assignment of error is found not well-taken.
In her second assignment of error, Harris contends that the trial court erred in determining that, under R.C. 3937.18(A) (2), both the State Farm and the Grange policy limits could be reduced by the $100,000 received from the tortfeasor. Harris, in her third assignment of error, asserts that the trial court erred in failing to treat the Grange underinsured motorist coverage as "excess" coverage after setting off the "available" $100,000 received from the tortfeasor against the $100,000 underinsured limit in Ackerman's State Farm policy. Because we determined that the State Farm and Grange anti-stacking clauses are valid and enforceable, we need not reach the merits of the issues of setoff and "excess" insurance coverage. Accordingly, appellant's second and third assignments of error are rendered moot.
The judgment of the Lucas County Court of Common Pleas is affirmed. Frances Harris is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ MELVIN L. RESNICK, J.
JAMES R. SHERCK, J., RICHARD W. KNEPPER, J., CONCUR.
[1] Both Rose and Oldham dealt with "intrapolicy stacking" as it related to wrongful death claims. The Rose court held that an automobile insurance policy could apply a single limit arising out of a single bodily injury so long as the policy limitation tracks the limitation on the liability policy and is unambiguous.Rose at the syllabus. The effect of Rose was to limit all wrongful death claims arising from a single bodily injury (death) to the single person limit in those cases where the uninsured/ underinsured coverage limits tracked the limits for liability coverage.